RYAN H. CROSNER, CA Bar No. 278418
ryan.crosner@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

DAVID P. THATCHER (*pro hac vice*)
david.thatcher@ogletree.com
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: 404-881-1300
Facsimile: 404-870-1732

BENJAMIN W. PERRY (*pro hac vice*)
benjamin.perry@ogletree.com
Truist Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: (615) 254-1900
Facsimile: (615) 254-1908

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO MOODY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C2 EDUCATIONAL SYSTEMS INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04249-RGK-SK<br><br>**DEFENDANT C2 EDUCATIONAL SYSTEMS INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**<br><br>Date:        July 15, 2024<br>Time:       9:00 a.m.<br>Place:      Courtroom 850<br>               Roybal Federal Building, and<br>               United States Courthouse<br><br>Complaint Filed: May 22, 2024<br>Trial Date:        None Set<br>Judge:             Hon. R. Gary Klausner |

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ............................................................................. 5

II.     ARGUMENT ................................................................................... 6

    A.    The Trap and Trace Statute Incorporates Section 629.51's Definition of "Wire Communication." ............................................. 6

    B.    The Trap and Trace Statute Does Not Apply Here, With or Without Resort to Legislative History, and Plaintiff has Conceded Key Issues. ..................................................................... 7

        1.    Plaintiff Has Conceded or Waived that the Trap and Trace Statute Does Not Apply Here. ....................................... 7

        2.    The Plain Language of the Trap and Trace Statute Supports C2 Education's Position. ............................................. 8

        3.    The Court May Properly Consider the Legislative History, Which Supports C2 Education's Interpretation ................................................................ 10

        4.    *Greenley* is Inapposite. ................................................ 11

    C.    Plaintiff Fails to Allege an Injury as Required to Assert a Violation of the Trap and Trace Statute. .......................................... 12

    D.    Even if the Statute Did Apply, Only C2 Education's Consent is Required for the Installation of Website Analytics on Its Own Website. .............................................. 13

    E.    Plaintiff Has Abandoned Any Portion of His Claim Relating to Certain Data Elements. ................................................................. 14

III.    CONCLUSION ............................................................................... 14

Case No. 2:24-cv-04249-RGK-SK

DEFENDANT C2 EDUCATIONAL SYSTEMS INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Application of U.S. of Am. for an Ord. Authorizing Use of a Cellular Tel. Digital Analyzer*, 885 F. Supp. 197 (C.D. Cal. 1995) ................................................9, 10, 12

*Capitol Recs. Inc. v. Thomas-Rasset*, No. CIV 06-1497, 2009 WL 1664468 (D. Minn. June 11, 2009)............................................................................................12

*Cervantez v. Sullivan*, 719 F. Supp. 899 (E.D. Cal. 1989), *rev'd*, 963 F.2d 229 (9th Cir. 1992)......................................................................................................................11

*Edelmania Prods., LLC v. Serv.*, 2023 WL 8114860 (C.D. Cal. Oct. 23, 2023) .........7

*Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023) ............5, 6, 11, 12

*Heraldez v. Bayview Loan Servicing, LLC*, 2016 WL 10834101 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018) ........................................................8

*Hicks v. E.T. Legg & Assocs.*, 89 Cal. App. 4th 496, 108 Cal. Rptr. 2d 10 (2001) .....9

*In re DoubleClick Inc. Privacy Litigation* 154 F. Supp. 2d 497 (S.D.N.Y. 2001).....13

*In re Outlaw Lab'ys, LP Litig.*, No. 18-CV-840-GPC-BGS, 2023 WL 6522383 (S.D. Cal. Oct. 5, 2023) ..............................................................................................12

*In re Zynga Priv. Litig.*, 750 F.3d 1098 (9th Cir. 2014)................................................14

*Levings v. Choice Hotels Intern, Inc*., 2024 WL 1481189 (Cal. Super. April 3, 2024) .......................................................................................................................13, 14

*Malibu Media, LLC v. Pontello*, No. 13-12197, 2013 WL 12180709 (E.D. Mich. Nov. 19, 2013)..............................................................................................................12

*Moore v. Panish*, 32 Cal. 3d 535, 652 P.2d 32 (1982) ..................................................9

*Star Fabrics, Inc. v. Ross Stores, Inc.*, 2017 WL 10439691 (C.D. Cal. Nov. 20, 2017) ........................................................................................................................8

*United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 57 Cal. Rptr. 2d 600 (1996) .....................................................................................................................8, 9

*Zaklit v. Glob. Linguist Sols., LLC*, 2014 WL 12521725 (C.D. Cal. Mar. 24, 2014) ..8

**Statutes**

18 U.S.C. § 2511 ........................................................................................................ 10

18 U.S.C. § 3123 (1986) (am. 2001) ........................................................................ 10

18 U.S.C. § 3127 ......................................................................................................... 9

California Penal Code § 629.51 ............................................................................. 5, 6

California Penal Code § 629.54 .............................................................................. 10

California Penal Code § 638.50 ............................................................................. 5, 6

California Penal Code § 638.51 ........................................................................ *passim*

California Penal Code § 638.52 ........................................................................ *passim*

DEFENDANT C2 EDUCATIONAL SYSTEMS INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

# I.    **<u>INTRODUCTION</u>**

Plaintiff Dino Moody's ("Plaintiff") Opposition to Defendant C2 Educational Systems Inc.'s ("C2 Education" or "Defendant") Motion to Dismiss the Complaint fails to advance any meaningful analysis to rebut C2 Education's arguments, instead advancing bare legal conclusions without any application to the facts at hand. In several instances, Plaintiff outright failed to address dispositive issues and therefore conceded those issues. Dismissal with prejudice and without leave to amend is warranted.

First, Plaintiff perplexingly argues that C2 Education cites the wrong definition for "wire communication" that applies to California Penal Code § 638.51 (hereafter the "Trap and Trace Statute"). This argument lacks merit, because section 638.50, the immediately preceding section which Plaintiff does not dispute applies here, incorporates the definitions of "wire communication" and "electronic communication" from California Penal Code § 629.51(a).

Second, contrary to Plaintiff's argument, the Court need not find that the Trap and Trace statute is ambiguous in order to dismiss Plaintiff's claims. Regardless of whether ambiguity exists, statutes must be read in the context of the other related statutory provisions, not interpreted in isolation as Plaintiff suggests. The Trap and Trace Statute, read in context with its related provisions, does not apply here on its face without resort to legislative history. At worst, even if the Trap and Trace Statute were ambiguous, the legislative history establishes that the statute does not apply here.

Third, *Greenley v. Kochava, Inc.* does not provide even persuasive precedent on these issues for two reasons: **first**, the *Greenley* holding was explicitly limited to a pen register *and "**software installed in a telephone***," 684 F. Supp. 3d 1024, 1050-51 (S.D. Cal. 2023) (emphasis added), and **second**, the defendant did not advance (and could not, because of the differing facts) the additional statutory interpretation arguments made by C2 Education here that the Trap and Trace Statute must be read in conjunction

with the related provision, California Penal Code § 638.52, which make clear that a trap and trace device must be able to be "attached" to a telephone line. *See id.*

Fourth, regardless of whether Plaintiff *could* allege an injury sufficient to bring a claim under the Trap and Trace Statute, he has not done so here, as he fails to allege any injury specific to him in the Complaint.

Fifth, Plaintiff fails to advance any argument why he is the "user" of an electronic communication service such that his consent would be required. Instead, he misrepresents caselaw and regurgitates his allegation that he has not consented.

Finally, Plaintiff has conceded that the contents of a communication are not at issue here, and therefore certain paragraphs should be stricken from the Complaint.

For these reasons, Plaintiff does not, and cannot, state a claim as a matter of law. Because Plaintiff cannot allege any facts to salvage his claim under the Trap and Trace Statute, the Complaint should be dismissed with prejudice and without leave to amend.

## II. ARGUMENT

### A. The Trap and Trace Statute Incorporates Section 629.51's Definition of "Wire Communication."

Plaintiff begins by lamenting that Defendant "does not state how or why § 629.51(a) relates to § 638.51, or if any of the definitions even apply to California Trap and Trace Law at issue in the Complaint." To clear any potential confusion regarding C2 Education's "very convoluted" argument, C2 Education will address Plaintiff's confusion in a straightforward manner: California Penal Code § 638.50, which Plaintiff acknowledges[1] provides the definitions for the relevant provisions set forth in section 638.51, explicitly incorporates those definitions from section 629.51. *See* Cal. Pen. Code § 638.50(a). Therefore, Plaintiff's attempted argument on this point lacks merit and can be disregarded.

---

[1] *See, e.g.*, Compl. ¶ 15 (citing Section 638.50 for "trap and trace device" definition).

**B.** **The Trap and Trace Statute Does Not Apply Here, With or Without Resort to Legislative History, and Plaintiff has Conceded Key Issues.**

As best C2 Education can discern, Plaintiff's "argument" on the statutory application of the Trap and Trace Statute—which consists of selectively quoted statutory interpretation principles, a conclusory statement that the law is not ambiguous, and direct quotation to the "trap and trace device" definition, (Opp'n at 4:12-5:19, ECF No. 18)—appears to be that the Court should read the Trap and Trace Statute in isolation without reference to or context from other related provisions of the same chapter. It is difficult to discern the exact nature of Plaintiff's plain language argument because of its conclusory nature, (*see* Opp'n at 5:14 ("Cal. Penal Code 638.51 is not ambiguous.")), which should be deemed conceded for the reasons discussed *infra* section B(1). Even when analyzed on the merits, though, Plaintiff's claims fail as a matter of law under the plain language doctrine. Finally, even if the Court did find ambiguity and resort to the statute's legislative history for guidance, the legislative history similarly supports C2 Education's position here.

1.   **Plaintiff Has Conceded or Waived that the Trap and Trace Statute Does Not Apply Here.**

As detailed in C2 Education's Motion, the Trap and Trace Statute must be read in conjunction with section 638.52, which governs issuance of court orders for trap and trace devices. (*See* Motion to Dismiss at 11:18-13:14, ECF No. 10). However, section 638.52 is mentioned only *once* in Plaintiff's entire Opposition, appearing solely as part of a quote from the Trap and Trace Statute. (*See* Opp'n at 3:12-15).

Plaintiff fails to address or respond to C2 Education's argument that section 638.52 defeats Plaintiff's entire theory under the plain language doctrine. "A failure to oppose [moving arguments in] a motion, as to a claim or an issue" may be deemed "a waiver, abandonment, or concession of that claim or issue." *See Edelmania Prods., LLC v. Serv.*, 2023 WL 8114860, at *4 (C.D. Cal. Oct. 23, 2023) (citing *Heraldez v.*

7

*Bayview Loan Servicing, LLC*, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018)); *see also Star Fabrics, Inc. v. Ross Stores, Inc.*, 2017 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017) ("Where a party fails to oppose arguments made in a motion, a court may find that the party has conceded those arguments or otherwise consented to granting the motion.") (citing *Zaklit v. Glob. Linguist Sols., LLC*, 2014 WL 12521725, at *13 (C.D. Cal. Mar. 24, 2014)). Plaintiff fails to even acknowledge this argument and therefore has conceded the issue. For this reason alone, C2 Education's Motion should be granted.

2. **The Plain Language of the Trap and Trace Statute Supports C2 Education's Position.**

Even if properly fleshed out, Plaintiff's arguments fail as a matter of law. Plaintiff's attempted argument belies a misunderstanding of the plain language doctrine and whether a statute qualifies as ambiguous. Although the crux of Plaintiff's argument is unclear given its brevity, Plaintiff appears to argue that the Trap and Trace Statute must be read in a vacuum without reference to other provisions in the same chapter, and it is of no moment, according to Plaintiff, whether the interpretation conflicts with other related provisions or whether it would lead to absurd results. (*See* Opp'n at 4:13-5:19). Plaintiff is mistaken. Under the correct application of statutory interpretation principles, the Trap and Trace Statute clearly does not apply here when it is read, as it must be, in the context of its related provisions.

Although Plaintiff quotes California precedent stating that reference to legislative history is not necessary, (Opp'n at 5:9-13 (quoting *United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1733, 57 Cal. Rptr. 2d 600 (1996))), Plaintiff misleadingly omits the next sentence from his quotation: "But the plain meaning rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute." *Id.* Rather, "[t]he meaning of a statute may not be determined from a single word or sentence; ***the words must be construed in***

***context, and provisions relating to the same subject matter must be harmonized to the extent possible***." *Id.* (emphasis added); *see also, e.g., Moore v. Panish*, 32 Cal. 3d 535, 541, 652 P.2d 32, 35 (1982) ("[E]very statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect"); *Hicks v. E.T. Legg & Assocs.*, 89 Cal. App. 4th 496, 505, 108 Cal. Rptr. 2d 10, 17 (2001) ("[A] statute is not to be read in isolation; it must be construed with related statutes and considered in the context of the statutory framework as a whole") (internal quotations omitted). Because Plaintiff misstates the applicable standard, he fails to provide any analysis of California Penal Code § 638.52, which is critical for discerning the context and scope of the Trap and Trace Statute.

Even if Plaintiff has not conceded or waived this issue, section 638.52 makes clear that a trap and trace device must be able to be "attached" to a "telephone line," as detailed in C2 Education's Motion. (Motion at 13:6-14). This alone is sufficient to defeat Plaintiff's claim.

Plaintiff briefly argues that the Court should not consider *Application of U.S. of Am. for an Ord. Authorizing Use of a Cellular Tel. Digital Analyzer*, 885 F. Supp. 197 (C.D. Cal. 1995) by misstating C2 Education's argument. Plaintiff asserts that C2 Education seeks to have the statutory definition from 18 U.S.C. § 3127(3) applied in this case. Plaintiff once again whiffs at the actual issue. At no point does C2 Education argue, as Plaintiff suggests, that the Court should incorporate any definitions from the federal trap and trace statute. (*See* Opp'n at 6:14-7:2). Rather, *Digital Analyzer* considered and adopted the argument C2 Education makes here, based on the plain language of the statute, when considering *identical language* used in the then-applicable version of the federal trap and trace statute. *Id.* at 200. Specifically, both statutes provide that a court order for issuance of a trap and trace device must specify "[t]he identity, if known, of the person to whom is leased or in whose name is listed ***the telephone line to which the pen register or trap and trace device is to be attached***," and "[t]he number and, if known, physical location of the ***telephone line to***

*which the pen register or trap and trace device is to be attached* and, in the case of a trap and trace device, the geographic limits of the trap and trace order." *Compare* Cal. Pen. Code § 638.52(d)(1), (3) *with* 18 U.S.C. § 3123(b)(1)(A), (C) (1986) (am. 2001).

Although the federal trap and trace statute has since been amended, the federal trap and trace statute's language considered in *Digital Analyzer* is identical to the language at issue here in the Trap and Trace Statute. Based on that language, the court concluded, "[I]t appears from the construction of related sections of the statutes governing trap and trace devices that they include only devices that are attached to a telephone line." *Digital Analyzer*, 885 F. Supp. at 200. "This limitation on the proscription against pen registers and trap and trace devices to prohibit only devices that are 'attached' to a telephone line cannot be assumed to be inadvertent"; indeed, "[i]n other statutes relating to interceptions of telephone communications, Congress encompassed, generally, any types of interceptions of wire, oral, or electronic communications—regardless of whether the intercepting device was 'attached' to a telephone line." *Id.* (citing 18 U.S.C. § 2511); *see also* Cal. Penal Code § 629.54 (analogous state wiretapping statute containing no such limitation).

There is no reason to depart from this reasoning here. Just as with the federal trap and trace statute language in *Digital Analyzer*, the Trap and Trace Statute must be construed in harmony with section 638.52, which governs court orders for trap and trace devices. Under the plain language of the Trap and Trace Statute, the Court should find that marketing or analytics software on a website cannot constitute a "trap and trace device" as a matter of law.

3.    **The Court May Properly Consider the Legislative History, Which Supports C2 Education's Interpretation.**

Although the Trap and Trace Statute is ambiguous in several respects, the Court need not reach that determination for two independent reasons: first, application of the statute in the manner Plaintiff suggests would produce absurd results, and second, the legislative history alters the plain meaning of the statute. Either of those would be

10

1  sufficient to consider the legislative history in construing the Trap and Trace Statute.[2]

2      Plaintiff addresses only half of the relevant inquiry for when the Court may refer

3  to legislative history for guidance. As Plaintiff correctly notes, "the court is not

4  prohibited from examining the legislative history for the purpose of determining

5  whether there is a 'clearly expressed legislative intention' which contradicts or alters

6  the plain language of the statute." (Opp'n at 4:3-6 (quoting *Cervantez v. Sullivan*, 719

7  F. Supp. 899, 910 (E.D. Cal. 1989), *rev'd*, 963 F.2d 229 (9th Cir. 1992)).[3] Nonetheless,

8  Plaintiff fails to provide any argument to rebut Defendant's discussion of the clearly

9  contrary legislative intent—likely because there is no basis to do so—even though

10 there is a "clearly expressed legislative intention" here that contradicts Plaintiff's

11 proposed interpretation. Nor does Plaintiff attempt to address C2 Education's

12 arguments regarding the absurd results that would result from Plaintiff's

13 unprecedented and expansive proposed interpretation of the Trap and Trace Statute.

14          4.  ***Greenley* is Inapposite.**

15      Plaintiff attempts to downplay the significant distinction between the facts of

16 *Greenley* and those alleged in the Complaint here, especially with regard to the

17 difference between a pen register and trap and trace device. (*See* Opp'n at 7:6-10:13).

18 The explicitly limited nature of *Greenley*'s holding (applying only to "surreptitiously

19 embedded software ***installed in a telephone***"), *Greenley*, 684 F. Supp. 3d at 1050,

20 presumably reflected the court's awareness of Section 638.51's limitations discussed

21 *supra* Section B(2). Stated differently, the *Greenley* court's limitation reflects the

22 exact argument C2 Education advances here: the "device" or "process" alleged to be

23 a "trap and trace device" must be "attached" to the telephone line, i.e., ***installed in the***

24 _____

25 [2] Even if ambiguity were necessary, the Trap and Trace Statute is ambiguous regarding
the meaning of "user" and "provider" of an "electronic or wire communication
26 service," all three of which are undefined terms. *See* discussion *infra* section D.

27 [3] Although Plaintiff quotes *Cervantez*, which was subsequently reversed by the Ninth
Circuit, the underlying decisions cited by *Cervantez* (which Plaintiff fails to cite)
28 remain good law.

Case No. 2:24-cv-04249-RGK-SK
DEFENDANT C2 EDUCATIONAL SYSTEMS INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

1  *telephone*, as reflected by the plain text of the Trap and Trace Statute's accompanying

2  provision, section 638.52, which governs court orders for such devices. (*See* Motion

3  to Dismiss at 13:6-14).

4      As noted by the court in *Greenley*, the defendant in that case did not cite any

5  cases in support of its argument that the software development kit at issue there was

6  not a "pen register." *Greenley*, 684 F. Supp. 3d at 1050. Here, C2 Education has

7  advanced multiple arguments, supported by cases applying identical language in the

8  federal trap and trace statute—that defeat Plaintiff's claim. (*See* Motion at 12:22-13:5

9  (citing *Digital Analyzer*, 885 F. Supp. at 199-200), 15:24-16:24 (citing *Capitol Recs.*

10  *Inc. v. Thomas-Rasset*, No. CIV 06-1497, 2009 WL 1664468, at *3 (D. Minn. June 11,

11  2009); *Malibu Media, LLC v. Pontello*, No. 13-12197, 2013 WL 12180709, at *1 (E.D.

12  Mich. Nov. 19, 2013))). Indeed, the defendant in *Greenley* could not make the primary

13  argument here—that the "device or process" must be installed in the telephone—

14  because the software development kit in that case *was* installed in the plaintiff's

15  telephone through a downloaded application. *Greenley*, 684 F. Supp. 3d at 1035-36.

16      For all of these reasons, *Greenley* does not provide even persuasive precedent

17  and does not salvage Plaintiff's fatally deficient Complaint.

18      **C.**    **Plaintiff Fails to Allege an Injury as Required to Assert a Violation**

19            **of the Trap and Trace Statute.**

20      As with his other arguments, Plaintiff's argument pertaining to lack of injury

21  entirely misses the mark. Plaintiff engages in an extensive discussion of Article III

22  standing, an issue that C2 Education did not argue in its Motion.[4] Rather, even if a

23  private right of action did exist, Plaintiff lacks statutory standing to pursue a claim

24  _____

25  [4] Nonetheless, C2 Education reserves the right to raise Article III standing at a later date with the benefit of discovery and the ability to reference extrinsic evidence.

26  Indeed, Plaintiff's counsel has a prior history of manufacturing claims with knowledge that the underlying factual allegations are false. *See In re Outlaw Lab'ys, LP Litig.*,

27  No. 18-CV-840-GPC-BGS, 2023 WL 6522383, at *1-2, 10 (S.D. Cal. Oct. 5, 2023) (discussing RICO judgment against Tauler Smith based upon sending knowingly false

28  demand letters and awarding $895,724.80 in attorneys' fees and costs).

because he does not allege injury, which is a prerequisite to bringing a claim. *See* Cal. Penal Code § 637.2(a) ("Any person who has been injured by a violation of this chapter may bring an action . . . ."). The fact that "actual damages" are not a prerequisite to bring an action under Cal. Pen. Code § 637.2 does not mean that any individual, regardless of whether they have been personally injured, can bring suit. Such an interpretation would allow the exception to overtake the rule and provide a statutory cause of action against any alleged violator of CIPA, regardless of whether that person's information had been collected. The only allegations in the Complaint specific to Plaintiff are that he "visited [C2 Education's] website on February 28, 2024." (Compl. ¶ 9). Even if the Trap and Trace Statute *did* apply to the routine collection of website visitor information (and it does not), nowhere in the Complaint does Plaintiff allege the collection of information specific to him.

### D.    Even if the Statute Did Apply, Only C2 Education's Consent is Required for the Installation of Website Analytics on Its Own Website.

Plaintiff only briefly addresses C2 Education's argument that C2 Education, not Plaintiff, is the "user" of the electronic communication service such that only C2 Education's consent is required for installation of software on its own website. Plaintiff makes no attempt to distinguish *In re DoubleClick Inc. Privacy Litigation* 154 F. Supp. 2d 497 (S.D.N.Y. 2001), which analyzes these issues in depth, and instead cites only *Levings v. Choice Hotels Intern, Inc.*, 2024 WL 1481189, at *1 (Cal. Super. April 3, 2024), where, according to Plaintiff, the Superior Court of California stated such a finding would allow the "exception to swallow the rule whole because a court order is required." (Opp'n at 13:8-20). However, Plaintiff blatantly misrepresents the actual holding of the court in *Levings*, presenting a falsified quote to suggest it considered the issue of whether website operators are users who may consent to the use of a pen register or trap and trace device. *Compare* Opp'n at 13:17-19, purportedly quoting *Levings, supra* ("If merely **owning** a website constitutes consent to the use of

a pen register **or trap and trace device on all visitors to the website**, then Section 638.51(a) would be a dead letter.") (emphasis added) *with Levings, supra* at *2 ("If merely **visiting** a website constitutes consent to the use of a **pen register**, then Section 638.51(a) would be a dead letter.") (emphasis added). On the contrary, *Levings* did not address whether the website operator was the "user" for purposes of consent, but rather the defendant's argument regarding *whether the Plaintiff consented* to the collection by visiting the website. On that point, the court in *Levings* held that it would not find that consent can be implied simply by visiting a website.

Here, C2 Education has not argued that Plaintiff consented, because Plaintiff's consent is irrelevant to whether C2 Education can install marketing and analytics software on its own website. Only C2 Education's consent is required, and Plaintiff again fails to even address this issue in his Opposition. Thus, Plaintiff has conceded another issue that is dispositive of this case. *See* discussion *infra* section B(1).

## E.    <u>Plaintiff Has Abandoned Any Portion of His Claim Relating to Certain Data Elements.</u>

Acknowledging that the Trap and Trace Statute does not apply to the "contents" of a communication, Plaintiff states in his Opposition, "There is no allegation that 'content' of a communication is part of Plaintiff's claim." (Opp'n at 14:5-9). However, Plaintiff alleges in the Complaint that the TikTok Software "scans every website for information," and "when the website asks for information, such as name, date of birth, and address, the information is sent simultaneously to TikTok, so that TikTok can isolate with certainty the individual to be targeted." (Compl. ¶ 12). There is no apparent way to interpret this allegation other than intercepting the content of a communication. *See In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). So, Plaintiff appears to concede this paragraph should be stricken from the Complaint.

## III.    <u>CONCLUSION</u>

For the reasons stated above, C2 Education respectfully requests that the Court grant its Motion to Dismiss with prejudice.

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: July 1, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Ryan H. Crosner*
Ryan H. Crosner
David P. Thatcher
Benjamin W. Perry

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.

15

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant C2 Educational Systems Inc., certifies that this brief contains 3,325 words, which complies with the word limit of L.R. 11-6.1, as well as this Court's Standing Order dated May 23, 2024.

DATED: July 1, 2024              By: */s/ Ryan H. Crosner*
                                     Ryan H. Crosner
                                     David P. Thatcher
                                     Benjamin W. Perry

DEFENDANT C2 EDUCATIONAL SYSTEMS INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT