UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | July 25, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 12]

## I.  INTRODUCTION

On May 22, 2024, Dino Moody ("Plaintiff") filed a class action Complaint against C2 Educational Systems Inc. ("Defendant"). (ECF No. 1.) Plaintiff alleges Defendant violated California's Trap and Trace Law, California Penal Code § 638.51, a provision of the California Invasion of Privacy Act ("CIPA").

Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) For the following reasons, the Court **DENIES** the Motion.

## II.  FACTUAL BACKGROUND

Plaintiff alleges the following facts in the Complaint:

Defendant provides online tutoring programs for K-12 students and operates a website, www.c2educate.com (the "Website"). As part of its overall marketing strategy, Defendant partnered with TikTok, a social media platform, to install software (the "TikTok Software") on the Website.

The TikTok Software uses "fingerprinting," a process through which the site collects data from anonymous visitors and matches that data with TikTok's database to uncover the visitors' identities. This is achieved using device and browser information, geographic information, referral tracking, and URL tracking. Additionally, because Defendant enabled TikTok's "AutoAdvanced Matching" feature, the TikTok Software also captures form data inputted by users on the Website, such as the user's name, date of birth, and address.

On February 28, 2024, Plaintiff visited the Website. During this visit, the TikTok Software collected Plaintiff's information without Plaintiff's express or implied consent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | July 25, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV. DISCUSSION

Plaintiff asserts that Defendant violated California's Trap and Trace Law, California Penal Code § 638.51. Section 638.51 prohibits the use of pen registers and trap and trace devices, which are "device[s] or process[es]" that record or capture "dialing, routing, addressing, or signaling information" from a "wire or electronic communication," "but not the contents of a communication." Cal. Penal Code §§ 638.50(b)–(c); 638.51. To state a claim under § 638.51, a plaintiff must allege that a defendant installed and used a pen register or trap and trace device without first obtaining a court order. *Id.* § 638.51.

Defendant argues that Plaintiff's claim fails because Defendant's alleged conduct falls outside the scope of the Trap and Trace Law. Specifically, Defendant argues: (1) § 638.51 covers physical devices attached to telephone lines, not website software; (2) the TikTok Software merely collects information necessary for basic operation and maintenance; (3) use of the TikTok Software has been consented to; (4) the TikTok Software collects the "contents of a communication," and not dialing routing, addressing, or signaling information; and (5) § 638.51 does not grant a private right of action. The Court addresses each argument in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | July 25, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

### A.   Application to Website Software

A related code section, California Penal Code § 638.52, sets forth the procedure for law enforcement to obtain a court order approving the use of a pen register or trap and trace device. Section 638.52 states that an order approving the use must include certain information about the "telephone line to which the pen register or trap and trace device is to be attached." *Id.* §§ 638.52(d)(1), (d)(3).

Defendant argues that § 638.52 indicates that a pen register or trap and trace device must be a physical device attached to a telephone line. And because Plaintiff alleges that the TikTok Software is software embedded in the Website, and not a physical device attached to a telephone line, Plaintiff's claim fails. The Court disagrees.

Though § 638.52 refers to pen registers and trap and trace devices as physically attached to telephone lines, the definitions set forth under § 638.50 do not state any such requirement. Section 638.50 simply refers to "device[s] or process[es]" that record or capture certain information from "a wire or electronic communication." *Id.* §§ 638.50(b)–(c). At least one district court, *Greenley v. Kochava, Inc.*, has held that this "expansive" language suggests a broad scope. 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023). As *Greenley* explained, § 638.50's language "indicates courts should focus less on the form of the data collector and more on the result." *Id.* Thus, *Greenley* concluded that tracking software could plausibly constitute a pen register under §§ 638.50 and 638.51. *Id.*

Defendant argues that *Greenley* is inapposite because it involved software installed on a telephone, not on a website. However, Defendant fails to explain why the definitions under § 638.50 should be so limited given their references to "wire or electronic communication." Cal. Penal Code §§ 638.50(b)–(c). To be sure, Defendant cites a different district court case, *Application of U.S.A. for an Order Authorizing Use of Cellular Telephone Digital Analyzer*, in which a court found that a similar federal statute was limited to physical devices attached to a telephone line. 885 F. Supp. 197, 200 (C.D. Cal. 1995). However, this case concerned federal law, not California law. Though interpretations of similar federal laws are certainly persuasive in interpreting California law, they are not binding. *See, e.g.*, *Bell v. Farmers Ins. Exch.*, 87 Cal. App. 4th 805, 817 (2001) ("California courts have recognized that . . . authorities construing [similar] federal statutes provide persuasive guidance to state courts.") (collecting cases). Thus, this case, though persuasive, does not foreclose the possibility that software may qualify as a pen register or trap and trace device under California law, at least at the motion to dismiss stage.

Accordingly, Plaintiff's allegations that the TikTok Software is embedded in the Website and collects information from visitors plausibly fall within the scope of §§ 638.50 and 638.51. Thus, Defendant's argument fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04249-RGK-SK | Date | July 25, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

**B.     Operation and Maintenance**

Section 638.51 includes an exception for the use of pen registers and trap and trace devices "[t]o operate, maintain, and test a wire or electronic communication service." Cal. Penal Code § 638.51(b)(1).

Defendant argues that the TikTok Software falls within this exception. Specifically, Defendant argues that Plaintiff alleges that the TikTok Software records only IP address data, and that the recording of IP addresses is necessary to operate and maintain the Website. However, Plaintiff does not allege that the TikTok Software records only IP addresses. Instead, Plaintiff alleges that the TikTok Software recorded various other types of information such as browser and device data as well as form data. Defendant does not argue that the collection of this data is necessary to operate or maintain the Website. Thus, Defendant's argument fails.

**C.     Consent**

Section 638.51 also includes an exception for the use of pen registers and trap and trace devices "if the consent of the user of that service has been obtained." *Id.* § 638.51(b)(5).

Plaintiff alleges that he is the "user" of the Website, and that he did not consent to the TikTok Software's collection of his information. Defendant argues that it is the user, and because Defendant consented by installing the TikTok Software in the first place, its conduct falls within the consent exception. In support, Defendant cites to various cases that held that website operators are users of their own website under a similar federal statute. *See, e.g.*, *Sparshott v. Feld Ent., Inc.*, 311 F.3d 425, 432 (D.C. Cir. 2002); *In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 508–09 (S.D.N.Y. 2001). However, much like *Application of U.S.A.*, these cases fall short. Though persuasive, they do not foreclose the possibility that Plaintiff is the relevant user under California law, at least at the motion to dismiss stage.

Accordingly, Plaintiff's allegations that he is the user, and that he did not consent, plausibly demonstrate that the consent exception does not apply. Thus, Defendant's argument fails.

**D.     Contents of a Communication**

Section 638.50 defines pen registers and trap and trace devices as devices or processes that record "dialing, routing, addressing, or signaling information" but not the "contents of a communication." Cal. Penal Code §§ 638.50(b)–(c).

Plaintiff alleges that Defendant collects two categories of data: (1) browser and device data sent automatically upon visiting the Website; and (2) form data entered by the visitor. Defendant argues that these allegations fail to demonstrate that the TikTok Software falls within the scope of the Trap and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | July 25, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

Trace Law, as the browser and device data is vague and conclusory, whereas the form data is considered contents of a communication. The Court disagrees.

As to the first category, Plaintiff alleges that the TikTok Software gathers "device and browser information, geographic information," and browsing history. (Compl. ¶¶ 11–12.) Defendant argues that this allegation is vague and conclusory but provides no support for this argument. Plaintiff describes multiple data points that the TikTok Software allegedly captures. It is unclear how these allegations are insufficient. Accordingly, Plaintiff's allegations that the TikTok Software gathers device and browser data plausibly fall within the scope of §§ 638.50 and 638.51.

Having found that the browser and device data plausibly fall within the scope of the statute, the Court need not determine whether the form data also falls within the scope of the statute, as even if the form data did constitute "contents" beyond the scope of §§ 638.50 and 638.51, a defendant may not dismiss only a portion of a claim under Rule 12(b)(6). *Franklin v. Midwest Recovery Sys., LLC*, 2020 WL 213676, at *1 (C.D. Cal. Mar. 9, 2020) (collecting cases). Thus, Defendant's argument fails.

### E. Private Right of Action

California Penal Code § 637.2 states that an individual injured by a violation of CIPA may bring a private action to enforce it. Cal. Penal Code § 637.2. The Trap and Trace Law is a part of CIPA. Cal. Penal Code § 638.51. Defendant argues that, despite § 637.2's broad endorsement of private rights of action for all CIPA violations, § 638.51 does not provide a private right of action because it is a criminal statute that imposes only criminal penalties, thus Plaintiff cannot bring his claim. The Court disagrees.

While Defendant is correct that criminal statutes *generally* do not create private rights of action, *see Wallace v. Cellco P'ship*, 2015 WL 13908106, at *7 (C.D. Cal. Feb. 9, 2015), § 637.2 expressly states that all CIPA violations, including § 638.51, confer a private right of action. Defendant offers no convincing authority to suggest that this § 637.2 is per se invalid or that it does not apply to § 638.51. To be sure, Defendant identifies two cases where district courts have seemingly cabined § 637.2's applicability to different CIPA statutes: *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1085 (C.D. Cal. 2021), and *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 523 (C.D. Cal. 2021). In both cases, the courts found that the plaintiffs could not bring actions under California Penal Code § 635. *Yoon*, 549 F. Supp. 3d at 1085; *Saleh*, 562 F. Supp. 3d at 523. However, contrary to Defendant's argument, these courts did not find that § 637.2 simply did not apply to these statutes. Rather, the courts found that the plaintiffs lacked injuries necessary for § 637.2 as well as Article III standing. *Yoon*, 549 F. Supp. 3d at 1085; *Saleh*, 562 F. Supp. 3d at 522–24.

Here, there is no credible dispute that Plaintiff has alleged an injury necessary for both § 637.2 and standing. Plaintiff alleges: (1) Defendant operates its TikTok Software on its Website; (2) the TikTok Software collects data from every visitor of the Website; and (3) Plaintiff allegedly visited the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | July 25, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

Website on February 28, 2024. These allegations demonstrate that Defendant, through the use of the TikTok Software, collected Plaintiff's information, thereby constituting an invasion of privacy. And invasions of privacy are actionable injuries. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020). Thus, Defendant's argument fails.

**V.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |