RYAN H. CROSNER, CA Bar No. 278418
ryan.crosner@ogletree.com
CHIGOZIRI J. IBECHEM, CA Bar No. 339744
chigoziri.ibechem@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415-442-4810
Facsimile: 415-442-4870

DAVID P. THATCHER (*pro hac vice*)
david.thatcher@ogletree.com
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: 404-881-1300
Facsimile: 404-870-1732

BENJAMIN W. PERRY (*pro hac vice*)
benjamin.perry@ogletree.com
Truist Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: (615) 254-1900
Facsimile: (615) 254-1908

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DINO MOODY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C2 EDUCATIONAL SYSTEMS INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04249-RGK-SK<br><br>**DEFENDANT C2 EDUCATIONAL SYSTEMS INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: May 22, 2024<br>Trial Date: None Set<br>Judge: Hon. R. Gary Klausner |

TO PLAINTIFF DINO MOODY AND HIS ATTORNEYS OF RECORD:

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant C2 Educational Systems Inc. ("Defendant") hereby answers the Class Action Complaint ("Complaint") brought by Plaintiff Dino Moody ("Plaintiff"), individually and on behalf of the putative class members, as follows:

## JURISDICTION

1. The allegations in paragraph 1 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 3 of the Complaint.

## PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's citizenship and place of residence set forth in paragraph 4 of the Complaint, and therefore Defendant denies the same.

5. Defendant admits the allegations in paragraph 5 of the Complaint, except to correct that Defendant is a Virginia corporation with its principal place of business in Johns Creek, Georgia.

6. The allegations in paragraph 6 of the Complaint do not pertain to Defendant and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, each and every allegation in

paragraph 6 of the Complaint.

7. The allegations in paragraph 7 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, each and every allegation in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Defendant admits it is a provider of in-person as well as online tutoring programs, including standardized test preparations, school subjects tutoring, college admission counseling, and educational "boot camps." Defendant further admits that it owns the website domain www.c2educate.com. Defendant denies, generally and specifically, every remaining allegation in paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint regarding whether and/or when Plaintiff visited www.c2educate.com, and therefore Defendant denies the same. Defendant states that the remaining allegations in the paragraph constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, each and every allegation in paragraph 9 of the Complaint.

10. Defendant denies, generally and specifically, each and every allegation in paragraph 10 of the Complaint.

11. Defendant denies, generally and specifically, each and every allegation in paragraph 11 of the Complaint.

12. Defendant denies, generally and specifically, each and every allegation in paragraph 12 of the Complaint.

13. Defendant denies, generally and specifically, each and every allegation in paragraph 13 of the Complaint.

14. The image in paragraph 14 speaks for itself as to its contents, and Defendant denies any allegations or characterizations contrary thereto. Defendant denies, generally and specifically, the allegations in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, the allegations in paragraph 16 of the complaint.

17. The allegations in paragraph 17 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, the allegations in paragraph 17 of the Complaint.

18. The allegations in paragraph 18 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, the allegations in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, the allegations in paragraph 19 of the Complaint.

20. The allegations in paragraph 20 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, the allegations in paragraph 20 of the Complaint.

**CLASS ALLEGATIONS**

21. Defendant admits that Plaintiff purports to bring this action as a class action on behalf of the "Class" as defined in paragraph 21 of the Complaint. Defendant denies that Plaintiff is a suitable representative for a class action or that this action is properly maintainable as a class action, and further denies that the Court may certify any of Plaintiff's claims on behalf of a putative class. Defendant denies, generally and specifically, any remaining allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint and denies that this action is properly maintainable as a class action.

23. The allegations in paragraph 23 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 23 of the Complaint and denies that this action is properly maintainable as a class action.

24. The allegations in paragraph 24 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 24 of the Complaint and denies that this action is properly maintainable as a class action.

25. The allegations in paragraph 25 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 25 of the Complaint and denies that this action is properly maintainable as a class action.

26. The allegations in paragraph 26 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies the allegations in paragraph 26 of the Complaint and denies that this action is

properly maintainable as a class action.

**FIRST CAUSE OF ACTION**

27. Defendant restates and incorporates by reference its responses to paragraphs 1 through 26, inclusive, as set forth herein.

28. The allegations in paragraph 28 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 28 of the Complaint.

29. The allegations in paragraph 29 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, the allegations in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 of the Complaint constitute legal conclusions and/or purported statements of law rather than factual allegations and, therefore, do not require a response. To the extent a response is required, Defendant denies, generally and specifically, the allegations in paragraph 31 of the Complaint.

**PRAYER**

In response to Plaintiff's Prayer, and all subparts and/or paragraphs alleged therein, Defendant denies that the Plaintiff and/or the putative class are entitled to any of the relief and/or damages. Defendant denies that Plaintiff and/or the putative class members have been damaged in the amount alleged, or in any amount, or at all. Defendant denies that this action is properly maintainable as a class action, that class

certification is appropriate, that Plaintiff is entitled to receipt of any contact information for any putative class members, that Plaintiff should be appointed as a class representative, or that Plaintiff's counsel should be appointed as class counsel.

## GENERAL DENIAL

All other allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Additionally, without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendant asserts the following separate and distinct affirmative defenses to the Complaint and each purported cause of action therein, and prays for judgment as set forth below.

For purposes of these affirmative defenses, the term "Plaintiff" incorporates and includes the named Plaintiff and any and all of the putative class members that the named Plaintiff purports to represent.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' purported claims are barred because Defendant complied with all applicable statutes and regulations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' purported causes of action are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, unenforceable, and/or inapplicable to the alleged conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members lack standing to assert the claims alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are not entitled to any relief because

Defendant's conduct did not proximately cause any damages, injury, or loss to Plaintiff or any putative class member.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' purported claims are barred because all users of the software at issue consented to its installation and use.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' purported claims are barred because the software at issue does not unlawfully capture originating number or other dialing, routing, addressing, or signaling information.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members have failed to mitigate their alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' purported claims are barred because Cal. Penal Code § 638.51 does not enumerate a private right of action.

**TENTH AFFIRMATIVE DEFENSE**

Granting Plaintiff's and the putative class members' demand would result in unjust enrichment.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and his counsel are not adequate representatives of those they purport to represent.

**TWELFTH AFFIRMATIVE DEFENSE**

The damages Plaintiff and the putative class members seek against Defendant violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eight Amendment of the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred, in whole or in part, by the

applicable statute(s) of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims against Defendant are barred, in whole or in part, because Plaintiff has failed to, and cannot, satisfy the requirements for maintenance of a class action, including, but not limited to, the required elements of ascertainability, commonality, typicality, adequacy, predominance, and superiority.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative and other defenses. Defendant reserves the right to assert additional affirmative and other defenses in the event that discovery indicates it would be appropriate.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint on file herein;

2. That all requests for equitable and/or injunctive relief of any kind of denied;

3. That judgment be entered in Defendant's favor and against Plaintiff on all causes of action;

4. That Defendant be awarded the costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as this Court may deem appropriate.

DATED: August 11, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *<u>/s/ David P. Thatcher</u>*
Ryan H. Crosner
Chigoziri J. Ibechem
David P. Thatcher
Benjamin W. Perry

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.