RYAN H. CROSNER, CA Bar No. 278418
ryan.crosner@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

DAVID P. THATCHER (*pro hac vice*)
david.thatcher@ogletree.com
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: 404-881-1300
Facsimile: 404-870-1732

BENJAMIN W. PERRY (*pro hac vice*)
benjamin.perry@ogletree.com
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: (615) 254-1900
Facsimile: (615) 254-1908

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO MOODY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C2 EDUCATIONAL SYSTEMS INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04249-RGK-SK<br><br>**DEFENDANT C2 EDUCATIONAL SYSTEMS INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME,** *NUNC PRO TUNC*<br><br>Date:      September 23, 2024<br>Time:     9:00 a.m.<br>Place:     Courtroom 850<br>              Roybal Federal Building, and United States Courthouse<br><br>Complaint Filed: May 22, 2024<br>Trial Date:           April 8, 2025, 9:00 AM<br>Judge:                 Hon. R. Gary Klausner |

1

Case No. 2:24-cv-04249-RGK-SK

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME, *NUNC PRO TUNC*

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

NOTICE IS GIVEN that on September 23, 2024, at 9:00 a.m., or as soon thereafter as the matter can be heard before the Honorable R. Gary Klausner, in Courtroom 850, 8th Floor of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant C2 Educational Systems Inc. will and hereby does move the Court for an order granting leave to file C2 Education's Answer and Affirmative Defenses, *nunc pro tunc*.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 13, 2024. Plaintiff's counsel does not oppose the relief sought in this Motion. This Motion is based on the accompanying Memorandum of Points and Authorities, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion.

DATED: August 14, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ David P. Thatcher*
Ryan H. Crosner
David P. Thatcher
Benjamin W. Perry

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant C2 Educational Systems, Inc. ("C2 Education") brings the following Motion for Leave to File its Answer and Affirmative Defenses, *Nunc Pro Tunc* (ECF No. 37) ("Answer") seeking an order deeming the Answer timely filed. This Motion is brought on the grounds that good cause supports a finding of "excusable neglect" due to the inadvertent error of C2 Education's counsel in failing to file its Answer and prompt rectification of the same. Given the lack of any prejudice to Plaintiff or to the proceedings in this case, and the fact that counsel immediately acted to address the error in good faith, C2 Education respectfully requests that this Court grant its request to permit the late filing of C2 Education's Answer.

## II.   RELEVANT PROCEDURAL BACKGROUND

On May 22, 2024, Plaintiff Dino Moody ("Plaintiff") filed his initial putative Class Action Complaint in this case. (ECF No. 1). On June 17, 2024, Defendant C2 Education filed a Motion to Dismiss seeking dismissal of Plaintiff's sole cause of action in the initial Complaint. (ECF No. 12). The Court issued a Minute Order denying C2 Education's Motion to Dismiss, and the Minute Order was filed on July 25, 2024, and notice of the filing was served upon the parties through the ECF notification on July 26, 2024. (ECF No. 31). (*Id.*).

Following the Court's Order on the Motion to Dismiss, C2 Education's responsive pleading was due on Friday, August 9, 2024. *See* Fed. R. Civ. P. 12(a)(4)(A) ("[I]f the court denies the motion [to dismiss] or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]"). However, despite having a draft in virtually final form, counsel for C2 Education inadvertently neglected to file the responsive pleading to the Complaint on August 9, 2024. (Declaration of Benjamin W. Perry ("Perry Decl.") ¶¶ 3-4). Instead on Sunday, August 11, 2024, two days after the deadline but before the next business day, C2 Education's counsel discovered this mistake and promptly filed the Answer

and Affirmative Defenses to the Complaint that same day. (*Id.* ¶ 5; ECF No. 37). No default was requested or entered prior to C2 Education's filing its Answer.

C2 Education brings this Motion to request leave to file its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and for an order *nunc pro tunc* deeming the Answer and Affirmative Defenses (ECF No. 37) timely filed.

## III.   ARGUMENT

C2 Education preemptively brings this Motion to bring its slightly delayed Answer to the Court's attention and respectfully request leave for its filing by one business day. The facts overwhelmingly support leave to file C2 Education's Answer given the very short delay in filing the responsive pleading, the prompt action taken to rectify the late filing, and the lack of any prejudice whatsoever to Plaintiff or this litigation.

Fed. R. Civ. P. 6 provides, in pertinent part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. (b) (emphasis added). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). "Good cause" under Rule 6(b) "is a non-rigorous standard that has been construed broadly" to encompass challenging procedural elements, resulting from the local rules or district court's calendar, or pre-existing personal obligations of a party's counsel. *Id.* at 1259-60 & n.6.

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "'Excusable neglect' . . . is a

1  somewhat 'elastic concept' and is not limited strictly to omissions caused by
2  circumstances beyond the control of the movant." *Pincay v. Andrews*, 389 F.3d 853,
3  857 (9th Cir. 2004) (quoting *Pioneer*, 507 U.S. at 392). In ruling on a motion for relief
4  due to excusable neglect, the district court must give due weight to each factor of this
5  "four-factor balancing test" and cannot, for instance, ignore three of the four factors
6  by looking only to the reason for the delay. *Ahanchian*, 624 F.3d at 1261. District
7  courts must assess excusable neglect "within the context of the particular case,"
8  without view to a bright-line or rigid rule. *Pincay*, 389 F.3d at 859.

9        An attorney's delegation of "repetitive legal tasks" such as calendaring and
10 keeping track of critical deadlines has become a "necessary fixture" of modern legal
11 practice. *Id.* at 856. In recognition of these realities, a "strict standard" previously
12 applied in the Ninth Circuit has been replaced with *Pioneer*'s more "flexible
13 approach," which requires a balancing of the four factors. *Id.* Under this approach,
14 even a delay caused not by a minor calendaring error but rather the "egregious"
15 negligence of counsel or their support staff may be excusable given a just application
16 of the remaining three *Pioneer* factors. *Id.* at 858-59 (noting even "a lawyer's failure
17 to *read* an applicable rule" may be excusable under a proper "contextual analysis and
18 the balancing of the factors adopted in *Pioneer*" (emphasis added)).

19       In *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1222 (9th Cir. 2000),
20 plaintiff's counsel learned of an overseas family emergency and scheduled a trip to
21 Nigeria approximately two weeks ahead. Counsel's assistant contacted opposing
22 counsel to cancel two depositions that were scheduled to occur during his overseas
23 trip, and requested that opposing counsel delay filing the defendant's planned motion
24 for summary judgment. *Id.* Defendant's counsel indicated he could not delay filing
25 the motion given the close proximity to trial, and stated he planned to file the motion the
26 following day. *Id.* He advised that plaintiff's counsel should request an extension of
27 time from the court to file an opposition to the motion. *Id.* at 1222-23. The following
28 day, the defendant filed its motion for summary judgment, and faxed a letter to

1  plaintiff's counsel confirming the defendant could not postpone filing the motion and
2  again advising plaintiff's counsel to seek an extension from the court. *Id.* at 1223.
3  Plaintiff's counsel departed to Nigeria three days later without taking any further
4  action, after failing to notify the court of his planned trip or his need for an extension
5  of time to oppose the motion. *Id.* After returning from Nigeria almost three weeks
6  later, plaintiff's counsel waited 16 days before contacting the court or opposing
7  counsel, during which time the court granted plaintiff's unopposed motion for
8  summary judgment. *Id.* Plaintiff's counsel explained that the delay resulted from "his
9  recovery from jet lag and the time it took to sort through the mail." *Id.*

10  The Ninth Circuit found the circumstances articulated by the *Bateman* Plaintiff
11  constituted "excusable neglect." *Id.* at 1224-25. The Court noted "[t]he reason for the
12  delay is, admittedly, weak," and counsel's conduct "showed a lack of regard for his
13  client's interests and the court's docket." *Id.* However, the Court found that any
14  prejudice to the defendant from the loss of a "quick victory" on summary judgment
15  was "minimal." *Id.* The impact on the judicial proceedings was likewise minimal,
16  despite the fact the trial would need to be postponed. *Id.* at 1225. As to the fourth and
17  final factor, the court found "no evidence that [plaintiff's counsel] acted with anything
18  less than good faith," noting "[h]is errors resulted from negligence and carelessness,
19  not from deviousness or willfulness." *Id.* The equities favored granting plaintiff's
20  counsel relief on the basis of excusable neglect. *Id.*

21  The Court applied similar reasoning in upholding the district court's finding of
22  excusable neglect in *Pincay*, 389 F.3d at 858. There, the Court noted a 30-day
23  calendaring error caused the plaintiffs to miss a filing deadline due to the "negligence"
24  of both counsel and support staff. *Id.* at 858-59. Specifically, the case involved "one
25  of the least compelling excuses that can be offered," namely, the lawyer's "failure to
26  read an applicable rule." *Id.* at 859. Still, the district court conducted a proper
27  contextual analysis of factors such as "whether the lawyer had otherwise been diligent,
28  the propensity of the other side to capitalize on petty mistakes, the quality of the

representation of the lawyers (in this litigation over its 15-year history), and the likelihood of injustice" if relief was not granted. *Id.*

Here, C2 Education had a draft Answer ready for filing, but due to an inadvertent oversight and competing personal and professional obligations, the Answer was not filed until two calendar days after the applicable deadline on Sunday, August 11, 2024, and before the next business day. Specifically, the attorney for C2 Education with primary case management responsibilities was suffering from flu-like symptoms and also unexpectedly had to take primary childcare responsibilities for his sick infant on the day of the deadline. (Perry Decl. ¶ 4). C2 Education's counsel discovered the error and immediately filed the Answer before the next business day, and now promptly seeks leave from the Court for the delayed filing. Defendant's counsel was diligent in addressing the error as soon as they discovered it, with no harm resulting to Plaintiff, and no delay or other impact whatsoever to the judicial proceedings. Moreover, Defendant's counsel immediately noted the error and promptly acted in good faith to remedy it. Under the circumstances, Plaintiff has no legitimate basis for arguing this situation does not constitute excusable neglect.

Most importantly, Plaintiff has not suffered, and will not suffer, any prejudice because of the one business day delay in the filing of Defendant's Answer or relief sought herein. Indeed, Plaintiff did not request a default in the interim, and the two-day delay on a weekend will not cause any delay in the trial date, discovery cut-offs, or any other pending dates or deadlines in this matter. The *Pioneer* factors militate strongly in favor of a finding of permitting leave for filing C2 Education's Answer.

## CONCLUSION

For the reasons stated above, C2 Education respectfully requests that the Court grant C2 Education's Motion and enter an order granting leave to file C2 Education's Answer and Affirmative Defenses *nunc pro tunc*.

| | | |
|---|---|---|
| DATED: August 14, 2024 | | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| | | By: */s/ Ryan H. Crosner* |
| | | Ryan H. Crosner |
| | | David P. Thatcher |
| | | Benjamin W. Perry |
| | | |
| | | Attorneys for Defendant |
| | | C2 EDUCATIONAL SYSTEMS INC. |

8

Case No. 2:24-cv-04249-RGK-SK

DEFENDANT C2 EDUCATIONAL SYSTEMS INC.'S NOTICE OF MOTION
AND MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME, *NUNC PRO TUNC*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant C2 Educational Systems Inc., certifies that this brief contains 1,756 words, which complies with the word limit of L.R. 11-6.1, as well as this Court's Standing Order dated May 23, 2024.

DATED: August 14, 2024       By: */s/ Ryan H. Crosner*
                                 Ryan H. Crosner
                                 David P. Thatcher
                                 Benjamin W. Perry