Robert Tauler, Esq. (SBN 241964)
Wendy Miele, Esq. (SBN 165551)
Tauler Smith LLP
626 Wilshire Blvd., Suite 550
Los Angeles, CA 90017
Telephone: (310) 590-3927
rtauler@taulersmith.com
wmiele@taulersmith.com

*Attorney for Plaintiff*
*Dino Moody*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DINO MOODY, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

C2 EDUCATIONAL SYSTEMS INC.; and DOES 1 through 25, inclusive,

Defendants.

Case No.: 2:24-cv-04249-RGK-SK

**PLAINTIFF DINO MOODY'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO FILE A MOTION FOR CLASS CERTIFICATION**

Hearing
Date: September 30, 2024
Time: 9:30am

Hon. R. Gary Klausner

# NOTICE OF MOTION

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 30, 2024, at 9:30am or as soon thereafter as the matter may be heard, before the Honorable R. Gary Klausner, Plaintiff Dino Moody will and hereby does move the Court for Clarification or in the Alternative for an Extension of Time to file a Motion for Class Certification.

This motion is based on the notice and motion, the accompanying Memorandum of Points and Authorities and supporting declarations, and on all pleadings, papers and proceedings in this action, any matters of which the Court may properly take judicial notice, and the arguments of counsel.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 23, 2024.

DATED: August 30, 2024

**TAULER SMITH LLP**

By: *<u>/s/ Robert Tauler</u>*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Dino Moody*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iii
I. INTRODUCTION .......... 1
II. BACKGROUND .......... 1
III. ARGUMENT .......... 3
A. The Scheduling Order Establishes the Deadline for Filing All Motions Including Class Certification .......... 3
1. Defendant's Position Results in Absurd and Patently Unreasonable Scheduling .......... 3
2. The Only Correct Legal Interpretation is that the Scheduling Order Controls .......... 4
a. Recent Ninth Circuit Precedent .......... 6
b. Rule 16 .......... 8
B. Good Cause Exists .......... 8
IV. CONCLUSION .......... 13
LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE .......... 14
CERTIFICATE OF SERVICE .......... 15

# TABLE OF AUTHORITIES

Cases

*ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018) .................................... 6

*Alcazar v. Farmer Boys Food, Inc.*, No. 2:20-CV-04342-RGK-KS, 2021 WL 4583650 (C.D. Cal. Mar. 26, 2021)................................................9, 12

*Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955 (9th Cir. 2020).........6, 7

*Gonzalez v. Gov't Emps. Ins. Co. Inc.*, No. 2:20-CV-11722-RGK-KS, 2021 WL 4805199 (C.D. Cal. Aug. 30, 2021) ..............................................9, 12

*Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221 (E.D. Cal. 2008) ............................................................................................ 10

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843 (9th Cir. 2014)........... 11

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) ................................. 6

## I. INTRODUCTION

Plaintiff believes the Court's Scheduling Order unambiguously established that all motions in this case, including a motion for class certification, must be filed by the motion cut-off filing date of January 24, 2025. Defendant however believes that the Scheduling Order has no bearing on motions for class certification and that the deadline is instead set solely by the Court's Standing Order Regarding Newly Assigned Cases that was automatically issued when the case was assigned to this Court, which requires motions for class certification be filed within 90 days of service absent a showing of good cause. After Defendant noticeably failed to ever disclose its position and made completely useless initial disclosures while quietly waiting for its preferred deadline to pass, Plaintiff became aware of Defendant's position. Plaintiff now promptly seeks resolution from the Court to address Defendant's effective position that Plaintiff was required to file the motion for class certification a little bit more than two weeks after the Scheduling Conference was held and the Scheduling Order was issued.

Plaintiff's Motion asks the Court to clarify that the deadlines in the Scheduling Order are controlling, and, in the alternative, that good cause exists to extend the deadline to file a motion for class certification until the motion cut-off filing date in the Scheduling Order of January 24, 2025.

## II. BACKGROUND

On May 22, 2024, Dino Moody ("Plaintiff") filed a class action Complaint against C2 Educational Systems Inc. ("Defendant"). Dkt. 1. Plaintiff alleges Defendant violated California's Trap and Trace Law, California Penal Code § 638.51, a provision of the California Invasion of Privacy Act ("CIPA"). Defendant was served with the Complaint on May 24, 2024. Kumar Decl., Ex. B.

The parties' Rule 26(f) Conference was held on July 11 and the Rule 26(f) Report was filed July 15. Dkt. 24. That report also recited the parties' agreement to extend the deadline for initial disclosures until August 16, 2024, done at Defendant's

request, and a joint stipulation to extend the deadline for a Motion for Class Certification by 30 days. *Id.* at 2. Thereafter the parties attended the Court's Rule 16(b) Scheduling Conference, but at the conference "Defense counsel advise[d] the Court that she has no authority to bind the parties to dates" in violation of the Court's Standing Order ¶ 4. Dkt. 28. The Court therefore issued an Order to Show Cause and continued the Rule 16(b) Scheduling Conference and set both for hearing August 5, 2024. *Id.* At that August 5 hearing the Court was finally able to hold a scheduling conference and thereafter issued a scheduling order establishing the following deadlines:

| | |
|---|---|
| Jury Trial (Est. to be determined days): | April 8, 2025 at 09:00 AM |
| Pretrial Conference: | March 24, 2025 at 09:00 AM |
| Motion Cut-Off Date (last day to file): | January 24, 2025 |
| Discovery Cut-Off Date (fact discovery): | January 10, 2025 |

Scheduling Order, Dkt. 33.

Defendant also filed a Motion to Dismiss on June 17, 2024, which the Court denied in full on July 25, 2024. Dkt. 31. The parties then served their initial disclosures on August 16, 2024. A copy of Defendant's initial disclosures in this case are attached as Exhibit A to this Motion.

The Court issued its Standing Order Regarding Newly Assigned Cases ("Standing Order") in this case on May 23, 2024, which states that "plaintiffs must file a Motion for Class Certification no later than 90 days from the date the complaint was served, unless showing of good cause has been made." Standing Order ¶ 7, dkt. 9. Based on the date of the service, the Standing Order, and Local Rule 7-3, Plaintiff would have been required to meet and confer on the Motion for Class Certification no later than August 15, 2024, and file the Motion for Class Certification by August 22, 2024.

However, the 90-day filing requirement in the Standing Order conflicts with the Court's Rule 16(b) Scheduling Order which was issued months after the Standing

Order and after the Court reviewed the parties' Rule 26(f) Report, which established a "Motion Cut-Off Date (last day to file)" of January 24, 2025. Dkt. 33.

The parties dispute which deadline applies. Plaintiff has therefore filed this Motion to seek clarification from the Court regarding the applicable deadline, or, in the alternative, an extension of that deadline. Judicial resolution of this dispute is appropriate at this stage to remove the substantial uncertainty surrounding an important issue that would otherwise still have to be addressed in January.

## III. ARGUMENT

### A. The Scheduling Order Establishes the Deadline for Filing All Motions Including Class Certification

Plaintiff will lay out Defendant's position in order to explain why it is absurd as a practical matter, and then show that, as a matter of legal interpretation, it's equally wrong and that in reality the Scheduling Order controls based on the unambiguous language of both orders, application of the appropriate rules of textual interpretation, Ninth Circuit precedent, and Rule 16.

#### 1. Defendant's Position Results in Absurd and Patently Unreasonable Scheduling

Defendant's position is that the Standing Order's deadline for motions for class certification to be filed within 90 days of service of the complaint applies despite the clear and unambiguous language of the later-issued Scheduling Order. Based on the date of the service, the Court's Standing Order, and Local Rule 7-3, Plaintiff would have been required to meet and confer on the Motion for Class Certification no later than August 15, 2024, and file the Motion for Class Certification by August 22, 2024, even though discovery in this case could only begin when the parties had their Rule 26(f) Conference on July 11.

This means that, even though Defendant has never put it in writing, it necessarily believes that there were only 42 days for Plaintiff to conduct the discovery necessary to establish that the claim is appropriate for class certification.

Defendant must also believe it was reasonable for Plaintiff to receive the Court's ruling on the Motion to Dismiss on July 25 and then have to file a motion for class certification just 28 days later. Even more impressively, Defendant's position requires it to conclude that there was ample time for discovery in this case and no deadlines need to be extended because Plaintiff had a full 17 days between the Scheduling Order being issued on August 5 and having to file for class certification by August 22. Defendant must also concede that if the Scheduling Order had contained a specific deadline for class certification then the Standing Order's deadline is irrelevant, and so the parties could not know if the Standing Order's deadline would be effective until the Scheduling Order was issued on August 5. It is difficult to believe that Defendant thinks firmly establishing required case deadlines under Rule 16 a mere 17 days before the motion for class certification is reasonable, but Defendant must because it has confirmed that it does not believe there is good cause to allow Plaintiff to file a motion for class certification.[1] Ex. C.

**2. The Only Correct Legal Interpretation is that the Scheduling Order Controls**

Those were all the practical realities required by Defendant's position, but as a matter of legal interpretation Defendant is on even shakier ground. Its position is that Court considered the parties' stipulation in their Rule 26(f) Report for a 30-day extension of the Standing Order's 90-day filing deadline and impliedly rejected that request by omitting any such extension when it issued the Scheduling Order. Ex. C. However, there is no basis for Defendant's necessary assumption that the Scheduling

[1] On August 23, 2024, Defendant informed Plaintiff that it would not oppose extending the class certification deadline by one month until September 23. Plaintiff however had already pointed out to Defendant that such a concession was doubly futile. First, a 300day extension to the filing deadline is meaningless when the Local Rules require the hearing on the motion to be at least 35 days out in order to allow for 7 days to meet and confer and at least 28 between filing the motion and the hearing. Second, those same timing rules requiring at least 35 days would also apply to a motion seeking to extend the briefing deadline which means the 30 days extension Defendant was offering would have already elapsed before it would even be able to be heard by the Court. Defendant's decision to continue to only offer an extension that it knows provides no relief is telling and only further underscores why the issue needs to be resolved by the Court.

Order's silence on the stipulation affirms or at least does not disturb the deadline in the Standing Order.

Defendant's first mistake is not starting with the plain and unambiguous language of the Scheduling Order. The Scheduling Order provides for a "Motion Cut-Off Date (last day to file)" of January 24, 2025. This language is broad and necessarily encompasses virtually all motions except for those related to the final pretrial conference, trial, or that are addressed in its Order for Jury Trial that was issued at the same time as the Scheduling Order. Dkt. 34. Defendant seeks to insert the words "except for class certification" into the Scheduling Order's "Motion Cut-Off Date" and there is simply no textual basis to do so. Even more confusingly, Defendant's argument is based on the Court's purported implied rejection of language in the parties' Rule 26(f) report seeking an extension of the Standing Order's deadline. However, to reach that conclusion, Defendant must also assume that the Scheduling Order's Motion Cut-Off Date contains an implied exception just for motions for class certification. The far simpler explanation is that the Scheduling Order operates on its own unambiguous terms and contains neither an implied rejection of an extension nor an implied exception to its own terms exclusively for class certification.

This is why it is particularly absurd to try to infer judicially enforceable deadlines based on the Scheduling Order's silence on topics that did not even need to be addressed. Moreover, if such any inference is to be drawn then the much stronger argument is that the Court is well aware of the terms of its own Standing Order and so by issuing a Scheduling Order that never adopts, references, or incorporates the deadline from the Standing Order was an intentional choice by the Court and necessarily means the Scheduling Order did not adopt that deadline and instead replaced it. This follows the plain language of the Scheduling Order by interpreting "Motions" as applying to all motions and not containing any implied or silent exceptions for the Standing Order's deadline for motions for class

certification. It also makes intuitive sense because if the Court wanted to create an exception to its own Scheduling Order's blanket deadline for motions specifically for class certification motions it would have simply done so. This is certainly more persuasive than Defendant's arguments because the Court obviously knew this case was a class action when issuing the Scheduling Order because it had the Rule 26(f) report because the Court mentioned it in the very first sentence of its ruling on the Motion to Dismiss. Dkt. 31 at 1 ("On May 22, 2024, Dino Moody ("Plaintiff") **filed a class action** Complaint against C2 Educational Systems Inc. ("Defendant").") (emphasis added).

Moreover, even if the Standing Order's deadline had come into effect and not been superseded as Defendant desperately hopes, that only creates further problems that make it unenforceable because the Ninth Circuit has held that class certification deadlines must be both clear and predictable. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1093 (9th Cir. 2011). The patent ambiguity involved in having to determine which deadline applied based only on an implication from language in a Rule 26(f) Report that was not in the Scheduling Order runs afoul of the requirement for clarity. And only being able to determine whether the Standing Order's deadline would come into effect or would instead be superseded by the Scheduling Order when the Scheduling Order was issued a mere 18 days before Defendant's purported deadline it was functionally unpredictable. *Id.*

**a. <u>Recent Ninth Circuit Precedent</u>**

This conclusion is further reinforced by the Ninth Circuit's decisions in *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018) ("*ABS*"), *Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955, 966 (9th Cir. 2020). In *ABS* the Ninth Circuit invalidated the Central District's local rule requiring motions for class certification to be filed within 90 days of service as inconsistent with Rule 23(c)(1)(A)'s flexible requirement for "a determination on class certification '[a]t an early practicable time after a person sues or is sued as a class representative.'" *ABS*, 908 F.3d at 427. The

Ninth Circuit then turned to that same local rule again in *Davidson* but this time upheld the decision Judge Klausner to enforce the 90-day deadline because, among other reasons, the decision was not made by strict application of a bright line rule but instead done after a previous extension for a month had been granted, supplemental briefing was submitted, briefing and evidence was considered before ruling, and the class allegations were not struck so they could be renewed after obtaining further evidence in discovery. 968 F.3d at 964-65. Moreover, in *Davidson* the plaintiff had stopped developing that theory during discovery, and she had not sought more time for discovery in the district. *Id.* at 965-66. The Ninth Circuit therefore upheld the decision because it was evident that the 90-day deadline had not been inflexibly imposed and the plaintiff had not been denied her ability to present her motion and receive fair consideration. *Id.*

Unfortunately for Defendant, the only way it can prevail is with a rigid and inflexible application of the (inapplicable) 90-day deadline in the Standing Order. This isn't a case where there were years or months of discovery and substantial evidence that could be mustered like in *Davidson* to show that the plaintiff had stopped developing a theory. Here we are talking about a single digit number of weeks between the Scheduling Order and the rigid class certification filing deadline Defendant seeks to impose, and Defendant cannot argue that Plaintiff has had any sort of meaningful opportunity to gather evidence or present a motion because that is exactly what Defendant is trying to prevent from happening. Defendant's entire argument is that the Court already decided to not grant Plaintiff more time, but not only is there none of the evidence like in *Davidson* justifying that decision, there isn't any evidence that the Court even made that decision at all, as even Defendant concedes that such a decision was at most merely "implied." If the decision in *ABS* was overturned because it was too rigid and inflexible at least there was a clear decision. Defendant can't even show that much. Indeed, under both ABS and Davidson even if such a decision had been made it would have to be reversed

because there is absolutely no evidence or record justifying such a decision, the only document Defendant could even point to is the parties' Rule 26(f) Report which is utterly unhelpful to Defendant.

**b. Rule 16**

Defendant's argument for interpreting a deadline in the Standing Order to apply instead of the Scheduling Order also violates Rule 16(b)(3)(A)'s requirement that the Scheduling Order must limit the time to file motions. While Plaintiff presumes that courts can incorporate deadlines in other documents into a scheduling order, that was not the case here. Rule 16 requires that scheduling orders address the time limit to file motions and the Court's Scheduling Order does exactly that. Defendant's argument is in essence that when issuing the Scheduling Order that Court expressly chose to violate the mandatory requirement of Rule 16(b)(3)(A) to have the class certification filing deadline in the Scheduling Order in order to impliedly continue to impose the deadline in the Standing Order.

These are all just a few of the hoops Defendant must jump through to avoid the very simple and obvious conclusion – if the Court wanted to incorporate the Standing Order's deadline into the Scheduling Order then it would said so.

**B. Good Cause Exists**

The Court may also fully ignore the question of what document controls because good cause exists to extend the deadline for filing a Motion for Class Certification until the Scheduling Order's motion cut-off date of January 24, 2025. There are many different procedural avenues available to the Court to evaluate whether to permit Plaintiff to file a Motion for Class Certification until January 24, 2025, but they all have the same result. Under the terms of the Standing Order itself the 90-day deadline does not apply if a showing of good cause is made. Similarly, Rule 6(b) provides for an extension of time with a showing of good cause (and sometimes also excusable neglect). Finally, under Rule 16(b) the motion cut-off date in Scheduling Order can be modified to also apply to a motion for class certification.

In this case the analyses are all substantially similar and the results are identical under whichever approach the Court prefers because Plaintiff acted reasonably, diligently, and in good faith, and Defendant would not be prejudiced and should not be rewarded for trying to engage in bad faith tactics by silently lying in wait and failing to comply with its discovery obligations.

It bears mentioning that even if the Court concludes that Plaintiff's interpretation of the Scheduling Order was incorrect, the analysis and authorities discussed above show that Plaintiff's interpretation was reasonable and made in good faith. This is even more clear when considering the procedural context of the Standing Order because there are no provisions regarding when or how its deadline or good cause showing can or must be raised. By proactively bringing this Motion as soon as the dispute became apparent, Plaintiff chose to address the issue well in advance of the January motion cut-off date, but Plaintiff certainly could have chosen to file the Motion for Class Certification in accordance with his reasonable interpretation of the deadline. In that instance, Defendant then would have had to raise the deadline defensively in its opposition as grounds to deny the motion, and Plaintiff would have been entitled to show make a showing of good cause in its reply brief. Alternatively, in other cases the Court permitted defendants to raise the 90-day deadline offensively in a motion to dismiss class allegations and evaluated the grounds for good cause the plaintiff raised in opposition. *Alcazar v. Farmer Boys Food, Inc.*, No. 2:20-CV-04342-RGK-KS, 2021 WL 4583650, at *4 (C.D. Cal. Mar. 26, 2021); *Gonzalez v. Gov't Emps. Ins. Co. Inc.*, No. 2:20-CV-11722-RGK-KS, 2021 WL 4805199, at *5 (C.D. Cal. Aug. 30, 2021). The Standing Order's deadline is also not self-executing and might go unaddressed if, for example, the defendant had already acknowledged that good cause was clearly established (and was perhaps at fault for it) and chose not to raise the futile issue in its opposition to the motion, simply missed it, or concluded it would likely be unenforceable in the circumstances of the case given the Ninth Circuit's Decisions in *ABS* and *Davidson*. All of this is

simply to say there are many procedurally valid ways to offensively and defensively raise timeliness and show good cause under the Standing Order.

One of the reasons establishing good cause here is that from among the myriads of procedural ways the issue could have arisen, Plaintiff chose to proactively bring the issue to the Court's attention as soon as he became aware the issue existed, meeting and conferring with Defendant just 18 days after the Scheduling Order was issued. *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008) (concluding that promptly seeking a stipulation once an issue became apparent and filing the motion quickly after the stipulation was rejected supporting finding of diligence for good cause).

This contrasts with Defendant's bad faith approach to the issue of trying to silently lie in wait and refusing to even put in writing what day it believed the Motion for Class Certification needed to be filed. Kumar Decl., Ex. D at 3-4 (Defendant's counsel being asked to clarify its position on date of the existing deadline and responding "The existing deadline is the one set by Judge Klausner's rules."). If Defendant had raised the issue in any way Plaintiff could have brought it to the Court sooner, but even when Plaintiff's counsel directly asked Defendant's counsel "can you tell me what date you believe the deadline is? I am not being coy, I would only like an earnest answer," Defendant's counsel response did not contain a date and merely referenced the Standing Order for the third time in a row. *Id.* at 4-5; *see also id.* (Plaintiff's counsel: "Can we set up a time to discuss? I am only asking for a date, not a document." Defendant's counsel, in relevant part: "I am not sure what we need to discuss. The deadline for moving to certify a class was set in Docket no. 9").

Further good cause and bad faith are shown by the fact that Defendant asked for an extension on its initial disclosures that Plaintiff agreed to, and Defendant would later turn around and adopt the position that between the extension and Standing Order's filing deadline Plaintiff was required to meet and confer on August 15, receive the initial disclosures on August 16, and file the Motion for Class

Certification on August 22. In essence, Defendant's position is that the extension, agreed to before the Court had ruled on the Motion to Dismiss or issued the Scheduling Order, also meant those initial disclosures would effectively not be usable for the Motion for Class Certification, and there was no good cause to extend any filing deadline. Initial disclosures are supposed to serve an important function in the discovery process and Plaintiff reasonably agreed to the request for an extension without possibly being able to know Defendant would adopt an interpretation that effectively denied Plaintiff the ability to use those initial disclosures. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) ("The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush.").

Defendant's bad faith is further established by the initial disclosures themselves because Defendant identified as witnesses from C2 no individuals and a single "Corporate Representative" to testify on the topics of "the facts and circumstances alleged in the Complaint, Defendant's website, and/or one or more of Defendant's defenses to his claims." Kumar Decl., Ex. A at 3-4. And for the documents in its possession that it may use to support its claims and defenses? Defendant disclosed that it had none. *Id.* at 5-6 ("Defendant does not currently have responsive documents, electronically stored information, or tangible things in its possession, custody, or control concerning Plaintiff Dino Moody). And given the Central District's extensively detailed and lengthy procedures for resolving discovery disputes, even if Plaintiff had never agreed to any extension the Motion for Class Certification would have been due before the parties had even had their required pre-filing conference under Local Rule 37-1 to address Defendant's deficient disclosures. It is simply impossible to look at these "disclosures" and not conclude that they were made in bad faith and that they justify an extension of time so that Plaintiff can conduct meaningful discovery into whether Defendant truly cannot identify a single person, topic, or document it may use to support its defenses.

Defendant will not even be prejudiced because if it was telling the truth then discovery will be short and its burdens minimal.

To state it even more clearly, in the event that Plaintiff has misinterpreted the applicable orders and precedent then Plaintiff has at least learned from the mistakes of others and been diligent in bringing the issue before the Court. Plaintiff has expressly asked an extension of the deadline to file a motion for class certification of its own initiative, done at most a handful of days after the deadline identified by Defendant (which was as soon as was possible) instead of the alternative the Court has criticized in other cases of waiting months, never making any request for an extension, and only addressing the issue for the first time in opposition to a motion to dismiss class claims. *See Alcazar v. Farmer Boys Food, Inc.*, No. 2:20-CV-04342-RGK-KS, 2021 WL 4583650, at *3 (C.D. Cal. Mar. 26, 2021) ("The Court has not prevented Plaintiff from extending the deadline for class certification like in ABS—**Plaintiff has never asked for an extension**.") (emphasis added); *Gonzalez v. Gov't Emps. Ins. Co. Inc.*, No. 2:20-CV-11722-RGK-KS, 2021 WL 4805199, at *5 (C.D. Cal. Aug. 30, 2021) ("[the Court] has not prohibited Plaintiffs from seeking precertification discovery or even denied a request for a continuance of the cutoff—**Plaintiffs have never made any such requests.**".) (emphasis added). Moreover, it bears at least mentioning that the Court ruled on the Motion to Dismiss on July 25, and to the best of Plaintiff's knowledge many of the issues the Court addressed were ones of first impression which certainly weighs against rigid enforcement of strict briefing deadlines which are certainly not conducive to the thoughtful presentation required by these complex and evolving issues.

//

//

//

//

//

## IV. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court treat as timely any Motion for Class Certification filed before the Scheduling Order's motion cut-off date of January 24, 2025.

DATED: August 30, 2024

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Dino Moody*

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Dino Moody, certifies that this brief contains 4,081 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

DATED: August 30, 2024

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Dino Moody*

**CERTIFICATE OF SERVICE**

I hereby certified that I served the foregoing document on all parties of record via the Court's CM/ECF system.

DATED: August 30, 2024

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Dino Moody*