OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
RYAN H. CROSNER, CA Bar No. 278418
ryan.crosner@ogletree.com
NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

DAVID P. THATCHER (*pro hac vice*)
david.thatcher@ogletree.com
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: 404-881-1300
Facsimile: 404-870-1732

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.

***[Additional counsel listed on following page]***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DINO MOODY, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

C2 EDUCATIONAL SYSTEMS, INC.; and DOES 1 through 25, inclusive,

Defendants.

Case No. 2:24-cv-04249-RGK-SK

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO FILE A MOTION FOR CLASS CERTIFICATION**

Date: September 30, 2024
Time: 9:00 a.m.
Place: Courtroom 850

Complaint Filed: May 22, 2024
Trial Date: April 8, 2025
District Judge: Hon. R. Gary Klausner
Courtroom 850, Roybal
Magistrate Judge: Hon. Steve Kim
Courtroom 540, Roybal

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
BENJAMIN W. PERRY (*pro hac vice*)
benjamin.perry@ogletree.com
Truist Plaza, 401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: (615) 254-1900
Facsimile: (615) 254-1908

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS, INC.

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 6

II. RELEVANT BACKGROUND ........ 8

III. ARGUMENT ........ 11

A. As Plaintiff Conceded Before Filing This Motion, The 90-Day Deadline To File A Motion For Class Certification Governs ........ 11

B. Plaintiff Has Failed To Establish Good Cause To Extend the 90-Day Deadline To File A Motion for Class Certification ........ 15

IV. CONCLUSION ........ 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018) ........ 15

*Alcazar v. Farmer Boys Food, Inc.*, No. 2:20-CV-04342-RGK-KS, 2021 WL 4583650 (C.D. Cal. Mar. 26, 2021) ........ 12

*Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224 (9th Cir. 2020) ........ 14

*Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955 (9th Cir. 2020) ........ 11, 12, 15

*Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) ........ 11

*Gonzalez v. Gov't Emps. Ins. Co. Inc.*, No. 2:20-CV-11722-RGK-KS, 2021 WL 4805199 (C.D. Cal. Aug. 30, 2021) ........ 12

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) ........ 15, 16

*Kamm v. Cal. City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) ........ 11

*Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985) ........ 11

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) ........ 14

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009) ........ 11

*In re W. States Wholesale Natural Gas*, 715 F.3d 716 (9th Cir. 2013) ........ 15, 16

**Statutes**

California Penal Code § 638.51 ........ 8

**Other Authorities**

Federal Rules of Civil Procedure, Rule 16(b) ........ 15

Federal Rules of Civil Procedure, Rule 16(b)(3)(A) ........ 15

Federal Rules of Civil Procedure, Rule 16(c) ........ 15

Federal Rules of Civil Procedure, Rule 23(c)(1)(A) .......... 11
Federal Rules of Civil Procedure, Rule 26(d)(1) .......... 16
Federal Rules of Civil Procedure, Rule 26(f) .......... 7, 8, 13, 16

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Rather than accept responsibility for missing a filing deadline, plaintiff Dino Moody ("Plaintiff"), by and through his counsel, has filed a motion that misrepresents the record, attempts to place the blame on Defendant C2 Educational Systems, Inc.'s ("C2 Education") counsel for Plaintiff's missed deadline, and criticizes the Court's standard deadlines as unreasonable. Namely, in his Motion for Clarification or in the Alternative for Extension of Time to file a Motion for Class Certification (the "Motion"), Plaintiff brazenly asserts that the Court's Scheduling Order setting forth a motion cut-off filing date of January 24, 2025 supersedes the 90-day deadline to file a motion for class certification set forth in the Court's Standing Order, even though Plaintiff knew and acknowledged immediately before filing the Motion that the 90-day deadline governs, as set forth in Plaintiff counsel's August 21, 2024 email requesting an extension one day prior to the deadline:

**From:** Robert Tauler <rtauler@taulersmith.com>
**Sent:** Wednesday, August 21, 2024 5:06 PM
**To:** Perry, Ben W. <benjamin.perry@ogletreedeakins.com>; Luca Stein <lstein@taulersmith.com>
**Cc:** wmiele@taulersmith.com; Thatcher, David P. <david.thatcher@ogletreedeakins.com>; Crosner, Ryan H. <ryan.crosner@ogletreedeakins.com>
**Subject:** Re: C2 Educational Systems, Inc. - Initial Disclosures (2:24-cv-04249-RGK-SK)

***[Caution: Email received from external source]***

Counsel,

Please let me know if you will stipulate to a briefing schedule for our motion for class certification. The Court's standing order provides for a 90 day deadline, and we would like to extend that to January of 2025.

Thanks,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

(Declaration of David P. Thatcher ("Thatcher Decl."), ¶ 7, Ex. A (highlights added); *see id.* ¶ 2 (Plaintiff's counsel requested that the 90-day deadline be extended by 30

days during the Rule 26 conference of counsel via telephone). Despite acknowledging the Court's deadline in the August 21, 2024, email, Plaintiff has resorted in his motion papers to finger-pointing, calling the deadline "unreasonable" and accusing C2 Education of "failing to disclose its position" that the 90-day deadline governs, even after C2 Education had previously agreed to Plaintiff's request to extend *that same 90-day deadline* and agreed to honor that agreement following the parties' meet-and-confer. (ECF No. 43-1 at 16.) Finally, to shift blame for his failure to serve *any* discovery until August 23, 2024 (*i.e.,* a day *after* the deadline to file a motion for class certification), Plaintiff accuses Defendant of serving defective initial disclosures on August 16, 2024, but fails to explain how that precluded Plaintiff from serving discovery as early as July 11, 2024, after the parties' Rule 26(f) conference call.

Even if this Court accepts as true that Plaintiff was (or is) puzzled about which deadline applies to a motion for class certification, there are at least four earlier instances in which Plaintiff could have exercised some diligence and sought the "clarification" (and extension) that he now seeks:

1. On August 5, 2024, at the Scheduling Conference before Judge Klausner *and* after receiving the Scheduling Order setting forth a motion cut-off;
2. On August 16, 2024, after Plaintiff received C2 Education's Initial Disclosures and was apparently dissatisfied;
3. On August 21, 2024, after C2 Education did not initially agree to Plaintiff's second request to extend the Standing Order's 90-day deadline; and
4. On August 22, 2024, after C2 Education repeatedly told Plaintiff that the Standing Order governs the deadline for motions for class certification.

Accordingly, C2 Education hereby opposes Plaintiff's Motion on the grounds that: (1) the Court's unambiguous 90-day deadline to file a motion for class certification set forth in the Standing Order governs; and (2) Plaintiff has failed to

establish any cause, let alone good cause, for the requested **156-day extension** of this Court's 90-day deadline to file a motion for class certification.

## II. RELEVANT BACKGROUND

On May 22, 2024, Plaintiff filed his putative class action Complaint against C2 Education alleging violations of the California Invasion of Privacy Act ("CIPA"), Penal Code § 638.51 (ECF No. 1) (the "Complaint"). On May 23, 2024, the Court issued its Standing Order (ECF No. 9) (the "Standing Order"), which set forth the following deadline for filing a motion for class certification:

> **7. Motion for Class Certification.** For any action purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, the plaintiffs must file a Motion for Class Certification no later than 90 days from the date the complaint was served, unless showing of good cause has been made.

On May 24, 2024, C2 Education was served with a copy of the Complaint. (ECF No. 43-1 at 14.) Accordingly, pursuant to Section 7 of the Standing Order, the 90-day deadline to file a motion for class certification in this case fell on August 22, 2024.

On July 11, 2024, counsel for Plaintiff and C2 Education held their Rule 26(f) conference via telephone, during which the parties discussed, among other things, C2 Education's intent to seek a stay of discovery pending a ruling on its motion to dismiss, and Plaintiff's request to stipulate to extend the 90-day deadline to file a motion for class certification set forth in the Standing Order. (Thatcher Decl. ¶ 2.) At the conclusion of the conference, Plaintiff's counsel agreed to prepare the first draft of the Rule 26(f) Report for Defendant's counsel's review. *Id.* Attorney Miele, who attended the conference on behalf of Plaintiff and is a lawyer with Tauler Smith, LLP, emailed the first draft of the Rule 26(f) Report on July 14, 2024, with an email that stated: "Please find attached draft Joint Report. . . . You'll also notice that I inserted that the parties stipulate to postponing the disclosure deadline by 30 days pending your Motion to Dismiss. You discussed wanting to file a Motion to Stay discovery, so hopefully this might alleviate." (*Id.* ¶ 3.) On July 15, 2024, the parties

submitted to the Court their Joint Rule 26(f) Report. (ECF No. 24.) In the Joint Report, the parties agreed to serve their respective initial disclosures by August 16, 2024, and requested that the Court extend the deadline to file a motion for class certification as follows:

> The parties stipulate that the deadline for Plaintiff to file a Motion for Class Certification would be extended by 30 days given this mutual extension.

(ECF No. 24 at 2.) Indeed, the "deadline" referred to in this sentence is, *and can only be*, the 90-day deadline set forth in the Court's Standing Order, considering that the Court *had not yet issued a Scheduling Order* on July 15, 2024. With respect to discovery on class certification, "Plaintiff submit[ed] that class and merits discovery should run concurrently and that discovery should not be bifurcated." (*Id.* at 3.)

On August 5, 2024, the Court held the Scheduling Conference, which was attended by counsel for both Plaintiff and C2 Education. At the conference, Plaintiff did not seek the Court's clarification about the deadline to file a motion for class certification or raise the issue of the request to extend that date by 30 days as set forth in the Joint Report. (Declaration of Ryan H. Crosner ¶ 2.) Following the Scheduling Conference, the Court issued its Minutes of Scheduling Conference (the "Scheduling Order") setting forth the following case dates:

> Jury Trial (Est. to be determined days): April 8, 2025 at 09:00 AM
> Pretrial Conference: March 24, 2025 at 09:00 AM
> Motion Cut-Off Date (last day to file): January 24, 2025
> Discovery Cut-Off Date (fact discovery): January 10, 2025
> Last day to amend the complaint or add parties is 9/10/2024.

(ECF No. 33.)

On August 16, 2024, C2 Education served its Initial Disclosures to Plaintiff. (Thatcher Decl. ¶ 6; *see* ECF No. 43-1 at 5-8.) In response, Plaintiff served his own Initial Disclosures later that day. (Thatcher Decl. ¶ 6, Ex. B at 2-6.) To date, C2 Education has not received any request to meet and confer regarding C2 Education's Initial Disclosures. (Thatcher Decl. ¶ 6.) On August 21, 2024, Plaintiff's counsel

sent an email acknowledging the 90-day deadline to file a motion for class certification and requesting an extension of that date to January 2025 as follows:

> Counsel,
>
> Please let me know if you will stipulate to a briefing schedule for our motion for class certification. The Court's standing order provides for a 90 day deadline, and we would like to extend that to January of 2025.
>
> Thanks,
>
> Robert Tauler, Esq.

(Thatcher Decl. ¶ 7, Ex. A at 1-2; *see* ECF No. 43-1 at 31-32.) Even though the Scheduling Order had already been entered 16 days before Plaintiff's counsel's email, Plaintiff's counsel admitted in the email that the deadline for filing a class certification motion was based on the Court's Standing Order, which provided a 90-day deadline. C2 Education did not agree to the requested extension and reiterated its position its position that the 90-day deadline applies. (ECF No. 43-1 at 29-31.) In response, Plaintiff only then raised the claimed ambiguity concerning whether the Scheduling Order or the Standing Order deadline applies:

> This really isn't going anywhere. We believe it is the motion deadline, which is next spring. If you disagree, can you tell me what date you believe the deadline is? I am not being coy, I would only like an earnest answer. . . .

(*Id.* at 28.) This claimed ambiguity was the first time that Plaintiff asserted that the Scheduling Order's January 24, 2025, deadline supersedes the Standing Order (*i.e.,* at 5:09 p.m. PT on August 21, 2024, the night before Plaintiff's motion for class certification was due).

In response, C2 Education again restated its position that the Standing Order governed, after which the parties agreed to discuss the matter over a phone call. (*See* ECF No. 43-1 at 27-28.) After the telephonic meet-and-confer on August 22, 2024, C2 Education again reiterated its position that the Standing Order governed, but conceded it would not oppose honoring the original 30-day extension of that deadline as agreed by the parties in their 26(f) Report, but would oppose any

extension longer than 30 days. (*Id*. at 16.) On August 23, 2024, Plaintiff served his first set of Special Interrogatories and Requests for Production of Documents on C2 Education. (Thatcher Decl. ¶ 8.) On August 30, 2024, Plaintiff filed this Motion.

## III. ARGUMENT

### A. As Plaintiff Conceded Before Filing This Motion, The 90-Day Deadline To File A Motion For Class Certification Governs

"District courts have broad discretion to control the class certification process." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure gives district courts discretion to set deadlines for when parties must move for class certification. *See* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."). District courts may actively manage the pre-certification process, which includes limiting the time 'to conduct discovery related to the question of class certification,' *Vinole*, 571 F.3d at 942; *accord Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975), or denying pre-certification discovery entirely. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977). "District courts may also exercise their discretion by enforcing filing deadlines; they have 'the power to establish reasonable times for the filing of documents' and to evaluate the legitimacy of an excuse for failing to file on time." *Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955, 963 (9th Cir. 2020).

This Court's Standing Order provides in pertinent part, "For any action purporting to commence a class action . . ., the plaintiffs must file a Motion for Class Certification no later than 90 days from the date the complaint was served, unless showing of good cause has been made." (ECF No. 9.) As recent as August 21, 2024, only nine days before he filed this Motion and one day before the class certification deadline, Plaintiff acknowledged that the Standing Order's 90-day

deadline governed his motion for class certification, when he requested an extension of *that* deadline, as follows:

> Please let me know if you will stipulate to a briefing schedule for our motion for class certification. **The Court's standing order provides for a 90 day deadline, and we would like *to extend that* to January of 2025**.

(Thatcher Decl. ¶ 7, Ex. A at 1 (emphases added); *see* ECF No. 43-1 at 31-32.) But later that same day, after C2 Education did not agree to the extension of the 90-day deadline, Plaintiff conveniently changed its position regarding which deadline applies, contending that the motion cut-off in the Scheduling Order governs the deadline for filing a motion for class certification. (*Compare* ECF No. 43-1 at 18 *with id.* at 31-32.) Accordingly, Plaintiff's Motion and all arguments therein must be viewed in context of the indisputable fact that as of August 21, 2024, at 5:06 p.m., Plaintiff acknowledged and understood that the 90-day deadline of August 22, 2024, applied his motion for class certification.

Indeed, in his Motion Plaintiff asserts that Defendant's position that the 90-day deadline governs "results in absurd and patently unreasonable scheduling" (Mtn. at 7 (formatting omitted)). But what Plaintiff is really saying is that this Court's adherence to a 90-day deadline for motions for class certification would be unreasonable, an argument that this Court has previously rejected in other cases and should do so again here. *Alcazar v. Farmer Boys Food, Inc.*, No. 2:20-CV-04342-RGK-KS, 2021 WL 4583650, at *3 (C.D. Cal. Mar. 26, 2021); *Gonzalez v. Gov't Emps. Ins. Co. Inc.*, No. 2:20-CV-11722-RGK-KS, 2021 WL 4805199, at *5 (C.D. Cal. Aug. 30, 2021); *see Davidson*, 968 F.3d at 965 (rejecting argument that "the district court's adherence to the [90-day] deadline was unreasonable because it deprived her of sufficient time to obtain necessary discovery"). And as in *Alcazar*, "Plaintiff does not offer any reasonable excuse for the delay," *Alcazar*, 2021 WL 4583650, at *3, instead blaming C2 Education for not reminding Plaintiff of his deadlines and condemning the Court's deadlines as unreasonable.

For instance, Plaintiff rebukes C2 Education for "believ[ing] it was reasonable for Plaintiff to receive the Court's ruling on the Motion to dismiss on July 25 and then have to file a motion for class certification just 28 days later." (Mtn. at 4.) But Plaintiff does not, and cannot, explain how he was precluded from filing a motion for class certification until there is a ruling on a motion to dismiss. Moreover, Plaintiff claims to be "impress[ed]" by C2 Education's position that Plaintiff had "ample time for discovery" with only 17 days between the issuance of the Scheduling Order on August 5 and the August 22 deadline to file a motion for class certification." (Mtn. at 4.) But Plaintiff could have served discovery as early as July 11, 2024, after the parties' Rule 26(f) conference (Fed. R. Civ. Proc. Rule 26(d)(1)), which would have given Plaintiff at least 42 days to receive written discovery responses, conduct any other discovery he wished to conduct, and then file his motion for class certification. Instead, Plaintiff waited and did not serve discovery until August 23, 2024 (*see* Thatcher Decl. ¶ 8), which was the day *after* the deadline to file his motion for class certification. And if Plaintiff was concerned about having only 17 days, there was nothing precluding Plaintiff from moving for an extension at any time during those 17 days.

Finally, Plaintiff expends much briefing on why he thinks the Court's Scheduling Order, which sets forth a general motion deadline of January 24, 2025, supersedes the Standing Order's more specific, 90-day deadline for filing a motion for class certification. First, if the Court accepts Plaintiff's position that the Scheduling Order governs, then the Court would have graciously granted Plaintiff a ***156-day extension*** to file his motion when only a 30-day extension was agreed upon by the parties' and requested by Plaintiff in the Joint Report. If there would be any "absurd" result, as Plaintiff contends, it is this one. And notably, while Section 7 of the Standing Order requires good cause to extend the 90-day deadline for motion for class certification, there is nothing in the parties' Joint Report to establish good cause

for issuing a Scheduling Order granting an *unsolicited* 156-day extension to that deadline.

Second, Plaintiff's contention that the Scheduling Order's "plain and unambiguous language" regarding a motion deadline supersedes the Standing Order's 90-day deadline is undermined by the indisputable fact that as of August 21, 2024, Plaintiff acknowledged and agreed that his deadline to file his motion for class certification was 90 days as set forth in the Scheduling Order, and he was seeking a 30-day extension of *that* deadline. (Thatcher Decl. ¶ 7, Ex. A; ECF No. 43-1 at 31-32.) Moreover, Plaintiff fails to acknowledge that the Standing Order discusses motion requirements in general at Section 6 and sets forth a 90-day deadline only for the motions for class certification. (ECF No. 9 at 3-5.) On the other hand, the Scheduling Order states a "Motion" cut-off without any specific mention of motions for class certification. (ECF No. 33.) Because only the Standing Order sets forth a clear and unambiguous deadline specifically for motions for class certification, the Standing Order's 90-day deadline governs. *See Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1232 n.6 (9th Cir. 2020) (recognizing general/specific canon that "[i]f there is a conflict between a general provision and a specific provision, the specific provision prevails." (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 183 (2012))).

Finally, in support of his argument that "the only correct legal interpretation is that the Scheduling Order controls" over the Standing Order (Mtn. at 4-8), Plaintiff relies on authorities that do not support his position. For instance, Plaintiff's reliance on *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) is inappropriate and misleading. In *Pitts,* the Ninth Circuit concluded that the district court abused its discretion in precluding plaintiff to file a motion for class certification. *Id.* at 1093. While the court recognized that the scheduling order did not refer to a specific deadline for motions for class certification, it also considered that "unlike the local rules of some district courts, the local rules of [that court] do not impose a particular

deadline for filing a motion for class certification." Here, on the other hand, the Court's Standing Order sets forth a clear and unambiguous deadline for motions for class certification. Similarly, Plaintiff's reliance on *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018), and *Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955 (9th Cir. 2020), is inapposite. In those cases, it was undisputed that the 90-day deadline to file a motion for class certification governed and the plaintiffs were contesting only the manner in which that deadline was applied. *ABS,* 908 F.3d at 411; *Davidson,* 968 F.3d at 963-64. Here, in contrast, Plaintiff contends that the express 90-day deadline set forth in the Standing Order does not govern at all because it was superseded by the Court's entering the Scheduling Order. Nothing in *ABS* or *Davidson* supports that contention.

Accordingly, as Plaintiff has conceded as recently as August 21, 2024, the 90-day deadline set forth in the Standing Order governs motions for class certification and Plaintiff's time to file such motion expired after August 22, 2024.[1] And as set forth below, Plaintiff fails to even attempt to establish a basis for good cause.

### B. <u>Plaintiff Has Failed To Establish Good Cause To Extend the 90-Day Deadline To File A Motion for Class Certification</u>

Under Federal Rule of Civil Procedure 16, the scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b) & (c). "Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

[1] Regarding Plaintiff's contentions about the application requirements under Rule 16 of the Federal Rules of Civil Procedure, Plaintiff has cited no authorities to support his argument that applying the 90-day deadline would run afoul of Rule 16's mandate to limit the time for filing motions. And if Plaintiff contends that the Court failed to issue a Scheduling Order that complies with Rule 16(b)(3)(A), that does not absolve him of the obligation to comply with the *existing* deadline for motions for class certification in the Standing Order.

604, 609 (9th Cir. 1992). "'[T]he focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification.'" *In re W. States Wholesale Natural Gas*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609). Thus, "[i]f [the moving] party was not diligent, the inquiry should end,'" and the motion should not be granted. *Id.* "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citing *Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir.1971) (same), *cert. denied,* 405 U.S. 974, 92 S. Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone,* 308 F.2d 15, 18 (9th Cir. 1962) (same)).

Here, Plaintiff has not established *any* cause, much less good cause, because Plaintiff's pretext for missing the deadline, being confused by the Scheduling Order, is contradicted by his own exhibit to the Motion in which Plaintiff's counsel begins the email by stating that the Court's Standing Order provides the applicable 90-day deadline to seek class certification. (ECF No. 43-1 at 31-32.) After realizing that C2 Education would not consent to extend that deadline, Plaintiff went back to the drawing board and constructed a false narrative of confusion about the Scheduling Order in order to manufacture good cause after the fact. Without any insight into Plaintiff's actual reasons for missing the deadline, "good cause" cannot exist without the prerequisite "cause."

Even if Plaintiff were diligent in filing the instant Motion after realizing he missed the deadline, he has failed to be diligent in pursuing his claims since the beginning of this case. Plaintiff could have served discovery as early as July 11, 2024, the day of the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). If Plaintiff had acted diligently and served discovery on that date, then C2 Education would have been required to provide responses by August 10, 2024, or sooner, giving Plaintiff at least 12 days to file his Motion for Class Certification or request

an extension from this Court to file the Motion. However, Plaintiff did neither, instead waiting until the day of the class certification deadline to even confer regarding an extension and the day after the deadline to serve any discovery. This falls far short of the diligence necessary to establish good cause.

Finally, Plaintiff's attempts to blame C2 Education and its supposedly "deficient" initial disclosures are a transparent and baseless attempt to shift blame for missing a deadline. Plaintiff did not make any attempt to serve written discovery until August 23, 2024, after the class certification deadline had already passed. (Thatcher Decl. ¶ 6.) In addition, Plaintiff *still* has not requested, as of the date of this Opposition, any other discovery that might be related to class certification. Nor has Plaintiff made any attempts, to C2 Education's knowledge, to seek third-party discovery (documents or testimony) from any entities identified in C2 Education's disclosures as having potentially relevant information. The fact that C2 Education does not have any records or information relating to Plaintiff should not come as a surprise to Plaintiff's counsel (assuming Plaintiff's counsel has complied with his obligation to conduct pre-suit investigation into his claims), nor does it evidence wrongdoing on C2 Education's part. If Plaintiff had noticed a deposition for C2 Education's corporate representative, or even raised the issue with C2 Education's counsel prior to the filing of this Motion, he could have obtained confirmation that no such evidence exists, because Plaintiff apparently has no prior relationship with C2 Education. Instead, Plaintiff conducted exactly zero discovery, waited until the day of the class certification deadline, and after C2 Education refused to consent to an extension, Plaintiff's counsel maligned both C2 Education's counsel and this Court's deadlines, concocted a fabricated narrative for why Plaintiff is unable to meet the deadline, and refused to take responsibility for his lack of diligence in pursing his claims.

## IV. CONCLUSION

For the foregoing reasons, C2 Education respectfully requests that the Court deny Plaintiff's Motion.

DATED: September 9, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/David P. Thatcher*
Ryan H. Crosner
David P. Thatcher
Benjamin W. Perry
Nicholas Marfori

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.

**CERTIFICATION OF COMPLAINCE WITH LOCAL RULE 11-6.2**

The undersigned, counsel of record for defendant C2 Educational Systems Inc., certifies that this brief contains 4,060 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

DATED: September 9, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/David P. Thatcher*
Ryan H. Crosner
David P. Thatcher
Benjamin W. Perry
Nicholas Marfori

Attorneys for Defendant
C2 EDUCATIONAL SYSTEMS INC.

64100348.v6-OGLETREE