Robert Tauler, Esq. (SBN 241964)
Wendy Miele, Esq. (SBN 165551)
Tauler Smith LLP
626 Wilshire Blvd., Suite 550
Los Angeles, CA 90017
Telephone: (310) 590-3927
rtauler@taulersmith.com
wmiele@taulersmith.com

*Attorneys for Plaintiff*
*Dino Moody*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DINO MOODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>C2 EDUCATIONAL SYSTEMS INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-04249-RGK-SK<br><br>**PLAINTIFF DINO MOODY'S REPLY ON MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO FILE A MOTION FOR CLASS CERTIFICATION**<br><br><u>Hearing</u><br>Date: September 30, 2024<br>Time: 9:30am<br><br>Hon. R. Gary Klausner |

# I. ARGUMENT

On the question of which document contains the applicable deadline, Defendant largely argues that Plaintiff knew the original 90-day deadline applied when the Standing Order was issued, but that is not in dispute and largely misunderstands Plaintiff's request and arguments. Plaintiff's argument is instead that the earlier deadline, issued before Defendant's Motion to Dismiss was ruled on (or even filed) and before the parties' Rule 26(f) Report was written let alone reviewed by the Court, was superseded when the Court issued the Scheduling Order. As explained in the Motion, this is the only reasonable and textually justifiable interpretation of the relevant orders, it is supported by Rule 16, Ninth Circuit precedent and this Court's own decisions addressing such deadlines, Defendant's interpretation lacks internal consistency and creates absurd results, and even if Plaintiff has misinterpreted the relevant deadline, good cause exists for an extension with the same effect.

## A. The Scheduling Order Superseded the Deadline in the Standing Order

Defendant chooses to spend most of its opposition arguing that Plaintiff "acknowledged" (or some variation thereof) that the 90-day deadline in the Standing Order continued to govern after the Scheduling Order was issued, but that misses Plaintiff's point, misstates the record, and, most importantly, is entirely irrelevant to the actual legal question at issue. Opp'n at 11:28 ("acknowledged"); *id.* at 12:13 ("acknowledged and understood"), *id.* at 14:6 ("acknowledged and agreed"). As noted above, Plaintiff's argument is instead that the Scheduling Order's deadline for all motions superseded and replaced the generic 90-day deadline in the Standing Order.

First, Defendant's repeated references are almost all based on Plaintiff's counsel's initial August 21 email referencing an extension of the Standing Order's deadline, but read in context, that cannot be expressing some sort of agreement that

the Standing Order contained the operative deadline in the minds of both parties, as the subsequent emails and discussion makes abundantly clear. It was merely Plaintiff's acknowledgement of using the language Defendant was likely going use (and in fact did use) to construe the Court's orders and Plaintiff's request, nothing more.

Second, Defendant's entire textual analysis is limited to a single page arguing that the specific provision should prevail over a general one. Opp'n at 14. While this canon can be applied to court orders, Defendant ignores that this canon of construction only applies when there is an ambiguity and it is within a single document that needs to be interpreted as a whole. Defendant fails to address the obvious fact that here the later-in-time order (the Scheduling Order) lacks any ambiguity and was issued later and can reasonably be interpreted to supersede the earlier order.

Third, this is also presumably why Defendant has abandoned the entire argument it made at the parties' meet and confer which depends on accepting that the Scheduling Order contained some sort of implied rejection of any request for an extension. And while Defendant's arguments about implied rejection of an item in the parties' Rule 26(f) Report have been rightly abandoned, the existence of the Rule 26(f) Report in fact further supports Plaintiff's interpretation.

Fourth, any doubt about which order contains the governing deadline must be resolved with preference to the Scheduling Order given its role under Rule 16(b)(3)(A) which explains that it is *mandatory* for a scheduling order to limit the time to file motions. There are numerous provisions of the rules tied to the scheduling order, and the fact that the deadline to file motions obviously includes motions for class certification means that the most reasonable interpretation is that the scheduling order should prevail because they are the order that contains the schedule, and that it was reasonable for Plaintiff to review the Scheduling Order to determine the appropriate deadline once it was issued.

Fifth, Plaintiff calls it "absurd" that the Court could have concluded, based on the Rule 26(f) Report and the novel issues of first impression it addressed in denying Defendant's Motion to Dismiss, that the deadline for a motion for class certification should be the same as all other motions in this case. Opp'n at 13. But that is exactly the sort of evaluation the Court is required to make when issuing a scheduling order under Rule 16, and the fact that this effectively resulted in a 156-day extension is certainly not absurd given that courts routinely have greater time limits for motions for class certification. Moreover, the good cause provision of the Standing Order does not constrain the Court when issuing its own scheduling order (and cannot, under Rule 16 itself and Rule 23's requirement for a flexible consideration in *ABS*, discussed below).

**B. Defendant's Interpretation Creates an Unreasonable Deadline.**

Defendant's entire argument must rely on its assertion that, in its best case, a mere 42 days was sufficient time to conduct discovery, and draft and file a motion for class certification, but that fails to comport with practical realities. It is also contrary to the position Defendant actually took at the time, as reflected in the parties Rule 26(f) Report, when Defendant asked "that discovery be stayed pending resolution of the pleadings, including a ruling on Defendant's pending Motion to Dismiss, which could result in the dismissal of the entire action." Dkt. 24 at 2. Given this request it made at the time, there is no clear answer why Defendant declines to start the count for days of discovery from when this request was filed, July 15, the Court ruled on the MTD, July 25, or the day the Scheduling Order was issued, August 5, except that each of those dates is even more inconvenient. Even the 42 days Defendant says was sufficient requires many assumptions on the part of Defendant, none of which have been borne out by Defendant's subsequent conduct.

First, even assuming Plaintiff served discovery requests on July 11, Defendant's responses would not be due until Monday August 12, leaving Plaintiff with just three days to be fully prepared to thoroughly discuss each of the issues for

a motion for class certification on the August 15 meet and confer discussion required by Local Rule 7-3 in order to file on August 22.

Second, it assumes Defendant would provide full and accurate answers that would not need to be supplemented, and were so complete and thorough that Plaintiff would not need to even begin the required meet and confer process for discovery disputes, because even if Plaintiff sends the letter required by Local Rue 37-1, the prefiling conference may not even occur until August 23, one day *after* Defendant believes Plaintiff could have reasonable filed a motion for class certification.

Third, Defendant's initial disclosures demonstrate that it is highly improbable that any such discovery responses would have been remotely adequate given that the initial disclosures it did serve are utterly deficient. Defendant accuses Plaintiff of "maligning" its counsel, but notably makes no attempt to explain why it refused it identify a single individual in its initial disclosures. Opp'n at 17. This absence is even more remarkable because Defendant makes no attempt to defend its failure to identify any documents. It says that its paltry initial disclosures are not evidence of wrongdoing because "C2 Education does not have any records or information relating to Plaintiff," *id.*, but that plainly ignores Plaintiff's point which was that Defendant was required to disclose any documents or tangible things in its possession that it "may use to support its claims or defenses" and it utterly failed to do so unless it is truly representing that it actually does not possess any documents it intends to use to defend itself in this case. Fed. R. Civ. P. 26(a)(1)(A)(ii).

The Court does not need to get into all of this scheduling minutiae for the relief sought to be granted in this instance. The Court need only conclude that the extra 156 days are reasonable, that such an extension would best enable the orderly progression of the case, and that good causes exists.

### C. Good Cause Exists

Good cause exists to allow for class certification given Defendant's requests for a stay on discovery, Defendant's requests for additional time to serve initial

disclosures, Plaintiff's prompt raising of the issue at an early time in the case, and in order for discovery to be conducted and any attendant disputes be resolved.

## II. **<u>CONCLUSION</u>**

For the reasons stated herein, Plaintiff respectfully requests the Court treat as timely any Motion for Class Certification filed before the Scheduling Order's motion cut-off date of January 24, 2025.

DATED: September 16, 2024

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Dino Moody*

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Dino Moody, certifies that this brief is five pages, which complies with the limit of ten pages for replies in the Court's Standing Order.

DATED: September 16, 2024

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Dino Moody*

# CERTIFICATE OF SERVICE

I hereby certified that I served the foregoing document on all parties of record via the Court's CM/ECF system.

DATED: September 16, 2024

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Dino Moody*