UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04249-RGK-SK | Date | September 27, 2024 |
| Title | ***Dino Moody v. C2 Educational Systems Inc. et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant's Motion for Leave to File Answer Out of Time [DE 40]**

On May 22, 2024, Dino Moody ("Plaintiff") filed a class action Complaint against C2 Educational Systems Inc. ("Defendant"). (ECF No. 1.) Plaintiff alleges Defendant violated California's Trap and Trace Law, California Penal Code § 638.51, a provision of California Invasion of Privacy Act ("CIPA").

On June 17, 2024, Defendant filed a Motion to Dismiss. (ECF No. 12.) On July 25, 2024, the Court denied Defendant's Motion to Dismiss and notice of the filing was served upon Defendant the next day. (ECF No. 31.) Defendant's Answer was therefore due on August 9, 2024, 14 days later per Federal Rule of Civil Procedure ("Rule") 12(a)(4)(A). However, Defendant did not file its Answer until August 11, 2024, two days late. (ECF No. 37.)

Presently before the Court is Defendant's Motion for Leave to File Answer Out of Time pursuant to Rule 6(b). (ECF No. 40.) For the following reasons, the Court **GRANTS** Defendant's Motion.

Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on [a] motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). In considering if the party failed to act because of excusable neglect, the Court may consider the "*Pioneer*" factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Rule 6(b), "like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04249-RGK-SK | Date | September 27, 2024 |
| Title | ***Dino Moody v. C2 Educational Systems Inc. et al.*** | | |

Defendant argues under Rule 6's excusable neglect standard, the Court should grant its request to permit the late filing of its Answer. Defendant contends that the counsel primarily responsible for the filing was sick and inadvertently missed the deadline by two days, filing the Answer before the start of the next business day. The Court agrees. First, there is no indication that Plaintiff was prejudiced by the delay, as Plaintiff has not opposed. Second, the delay was minimal, as Defendant missed the deadline by only two days and was still able to file its Answer before the next business day. Third, the reason for delay was understandably outside Defendant's control, as its counsel was sick. And fourth, it appears that Defendant acted in good faith, as it promptly addressed the error and filed the instant Motion.

Accordingly, the Court **GRANTS** Defendant's Motion.

**IT IS SO ORDERED.**

:

Initials of Preparer JRE/sf