JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | October 8, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Motion for Clarification or in the Alternative for an Extension of Time to File for a Motion for Class Certification [DE 43]

## I.    INTRODUCTION and PROCEDURAL HISTORY

On May 22, 2024, Dino Moody ("Plaintiff") filed a class action Complaint in this Court against C2 Educational Systems Inc. ("Defendant") under the Class Action Fairness Act. (Compl., ECF No. 1.) Plaintiff alleges Defendant violated California's Trap and Trace Law, California Penal Code § 638.51, a provision of the California Invasion of Privacy Act ("CIPA").

On May 23, 2024, the Court issued its Standing Order. (Standing Order, ECF No. 9.) The Standing Order stated that a Motion for Class Certification must be filed "no later than 90 days from the date the complaint was served, unless showing of good cause has been made." (*Id.* ¶ 7.) On May 24, 2024, Plaintiff served the Complaint, thus, the ninety-day deadline fell on August 22, 2024. (Kumar Decl., Ex. B at 14[1], ECF No. 43-1.) On June 17, 2024, Defendant filed a Motion to Dismiss. (Def.'s Mot. Dismiss, ECF No. 12.) On July 15, 2024, the parties submitted their Joint Rule 26(f) Report, which included a request for a 30-day extension on the deadline to file a Motion for Class Certification. (Joint Rule 26(f) Report, ECF No. 24.) On July 25, 2024, the Court denied Defendant's Motion to Dismiss. (Order Re: Def.'s Mot. Dismiss, ECF No. 31.) On August 5, 2024, the Court issued a Scheduling Order setting the Motion Cut-Off Date to January 24, 2025. (Min. Scheduling Conference, ECF No. 33.)

Under the Standing Order, Plaintiff's deadline to file a Motion for Class Certification was on August 23, 2024, ninety days after he served the Complaint. Plaintiff did not file a Motion for Class Certification by this date, however. Instead, on August 30, 2024, seven days after the deadline, Plaintiff filed the instant Motion. (Mot., ECF No. 43.) Plaintiff asks the Court to clarify whether the deadline in

---

[1] Because Plaintiff filed his declaration and exhibits as a single docket entry, pincites for these exhibits shall refer to page numbers within the entire docket entry. Defendant is advised to comply with the Court's Standing Order requiring each exhibit to be filed as a separate attachment in the future. (Standing Order ¶ 6.)

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | October 8, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

the Standing Order or the Scheduling Order controls Plaintiff's deadline to file his Motion for Class Certification and, if the Standing Order controls, Plaintiff alternatively seeks to retroactively extend the deadline. For the following reasons, the Court finds that Plaintiff's deadline was on August 23, 2024 based on the Standing Order, and **DENIES** Plaintiff's request to extend the deadline.

**II.     DISCUSSION**

Plaintiff asks the Court to clarify whether the Standing Order or the Scheduling Order controls Plaintiff's deadline to file a Motion for Class Certification. To the extent that the Court finds that the Standing Order controls, Plaintiff alternatively seeks to retroactively extend the deadline. The Court first addresses Plaintiff's request for clarification.

**A.     Request for Clarification**

"Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure gives district courts discretion to set deadlines for when parties must move for class certification." *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 962 (9th Cir. 2020). Although courts have wide latitude in setting these deadlines, they may not "unreasonably appl[y] rules in a way that deprives a party of an opportunity to present class allegations or a motion for class certification . . . , or den[y] a party a reasonable opportunity to obtain a ruling on the merits of a motion for class certification." *Id.* at 963. So while courts may consider legitimate excuses for late filings, courts may nonetheless strictly enforce deadlines as necessary to "control [the] docket" and "foster the efficient treatment and resolution of cases." (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)).

Plaintiff asks the Court to clarify the deadline to file his Motion for Class Certification. According to the Standing Order, the deadline to a file a Motion for Class Certification was on August 23, 2024, ninety days after service. (Standing Order ¶ 7.) But according to the Scheduling Order, the "motion cut-off," or last day to file motions, is January 24, 2025. (Min. of Scheduling Conference at 1.) Plaintiff contends that it is facially unclear which deadline controls, but that the Court should ultimately find that the latter date set forth in the Scheduling Order should control because: (1) the Standing Order's deadline is unreasonable; (2) the Scheduling Order's broad "Motion Cut-off" deadline supersedes the Standing Order's deadline; (3) the Ninth Circuit has found strict deadlines like the Standing Order's to be an abuse of discretion; and (4) Rule 16 requires all motion deadlines to be set forth in the Scheduling Order.

As a threshold matter, the Court is highly skeptical of Plaintiff's request for clarification. Though Plaintiff presently contends that it is unclear which order controls the deadline, Plaintiff previously acknowledged that the Standing Order controlled in an email to Defendant asking for an extension just two days before the Standing Order's deadline. (*See* Kumar Decl., Ex. D at 22, ECF No. 43-1.) On this

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | October 8, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

basis, the Court may conclude that the Standing Order controls, as Plaintiff himself has recognized, as surely there is no need for the Court to clarify what is already clear to the parties.[2] Nonetheless, for the sake of completeness, the Court addresses each of Plaintiff's arguments in turn.

Plaintiff's first argument fails. Plaintiff argues that the Standing Order's deadline is unreasonable because it gave Plaintiff only 28 days for discovery after receiving the Court's ruling on Defendant's Motion to Dismiss, and only 17 days for discovery after the Scheduling Order's issuance. But as Defendant correctly points out, Plaintiff could have served discovery after the parties' Rule 26(f) conference, which would have given Plaintiff at least 42 days for discovery before filing his Motion for Class Certification. *See* Fed. R. Civ. P. 26(d)(1). Plaintiff does not indicate that this would have been insufficient. Nor does Plaintiff explain how he was supposedly precluded from seeking discovery until he obtained a ruling on Defendant's Motion to Dismiss.

Plaintiff's second argument also fails. Plaintiff argues that the Scheduling Order's broad language encompasses all motions, including the Motion for Class Certification. Specifically, the Scheduling Order sets the "Motion Cut-Off Date (last day to file)" to January 24, 2025. However, this interpretation is plainly unreasonable. The Scheduling Order also set the discovery cut-off for January 10, 2025, and the jury trial for April 8, 2025. Assuming, as Plaintiff argues, that he could file his Motion for Class Certification as late as January 24, 2025, given that hearing dates are set no earlier than four weeks after filing, (Standing Order ¶ 6), Plaintiff's Motion could not be heard and decided until late February or early March at the earliest. And if such a Motion were granted, it would be near impossible to maintain the discovery cut-off and jury trial dates. The parties would inevitably require discovery to be reopened, vitiating the January 24, 2025 cut-off date and requiring the jury trial to be significantly postponed.

Plaintiff's third argument also fails. Plaintiff relies on *ABS Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018) and *Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955 (9th Cir. 2020) to argue that the Standing Order's ninety-day deadline cannot control because adherence to rigid deadlines constitutes an abuse of discretion. However, Plaintiff misstates the holding of these cases. These cases say nothing of whether the deadline in the Standing Order may control. Rather, these cases stand for the straightforward proposition that, if a party timely seeks an extension, the court should take a flexible approach in deciding whether that extension is warranted. *See ABS Ent.*, 908 F.3d at 426–27 (finding that a court abused its discretion by denying multiple stipulations to extend a ninety-day deadline without explanation); *Davidson*, 968 F.3d at 964–65 (finding that this Court did not abuse its discretion in enforcing the ninety-day deadline in the Standing Order because, after denying stipulations

---

[2] In his Reply, Plaintiff argues that he did not acknowledge that the Standing Order applied, but rather "acknowledge[d] . . . the language Defendant was likely going to use (and in fact did use) to construe the Court's orders and Plaintiff's request." (Pl.'s Reply at 1–2, ECF No. 47.) However, nothing in the email suggests that Plaintiff's statement was made in such a manner, as Plaintiff unequivocally stated, "[t]he Court's standing order provides for a 90-day deadline, and we would like to extend that to January of 2025." (Kumar Decl., Ex. D at 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | October 8, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

to extend the deadline, the Court granted a timely request for an extra month to submit a supplemental brief with any newly discovered evidence). The fact that the Court must be flexible when presented with a timely request has no bearing on whether, absent a timely request, the ninety-day deadline set forth in the Standing Order applies.

Plaintiff's fourth argument also fails. Plaintiff argues that the Scheduling Order must apply because Rule 16 requires the Scheduling Order to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). However, nothing in the Rule suggests that some motions, such as motions for class certification, cannot be set forth in other orders. Plaintiff cites no other authority on this point. Indeed, in *Davidson*, the Ninth Circuit upheld this Court's enforcement of a class certification deadline in a standing order. *See Davidson*, 968 F.3d at 964–65.

Thus, Plaintiff fails to demonstrate that the Scheduling Order's motion cut-off deadline supersedes the class certification deadline set forth under the Standing Order. The Court therefore finds that Plaintiff's Motion for Class Certification was due on August 23, 2024, pursuant to the Standing Order. The Court next addresses Plaintiff's request for an extension.

**B.    Request for Extension**

Rule 16 states "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (internal citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.*

Plaintiff argues that if the Standing Order's deadline controls, the Court should retroactively extend the deadline to the Scheduling Order's motion cut-off date for good cause. Plaintiff further argues that he has good cause because the additional time is necessary given Defendant's purported bad faith discovery conduct, and that he has been diligent because he filed the instant Motion as soon as he became aware that the deadline might be an issue. The Court disagrees.

Plaintiff's need for additional time is a problem of his own making. Plaintiff knew that the Motion's deadline was on August 23, 2024, as on August 21, 2024, two days before the Standing Order's deadline, Plaintiff emailed Defendant's counsel stating, "[t]he Court's standing order provides for a 90-day deadline, and we would like to extend that to January of 2025." (Kumar Decl., Ex. D at 22.) When Defendant refused, Plaintiff waited until August 30, 2024, a full week after the deadline, to file the instant Motion, feigning confusion about the deadline and seeking an extension. But as explained above, this confusion defies belief and appears manufactured. The only reasonable conclusion is that

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04249-RGK-SK | Date | October 8, 2024 |
|---|---|---|---|
| Title | *Dino Moody v. C2 Educational Systems Inc. et al.* | | |

Plaintiff was not diligent and missed the deadline. It is not the Court's job to rescue Plaintiff from his own failure to abide by the Court's deadlines.

Accordingly, the Court **DENIES** Plaintiff's request for an extension. As noted above, Plaintiff filed his Complaint in this Court under the Class Action Fairness Act ("CAFA"), through which the Court has jurisdiction only if the plaintiff class meets certain requirements for the aggregate amount in controversy, size, and diversity of citizenship. 28 U.S.C. § 1332(d)(2). And as explained above, Plaintiff's deadline to file a Motion for Class Certification was on August 23, 2024. However, Plaintiff failed to file a Motion by this date or demonstrate good cause justifying an extension. Having failed to timely file a Motion for Class Certification, Plaintiff cannot meet the requirements for CAFA jurisdiction. Accordingly, the Court further **DISMISSES** the action in its entirety for lack of jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiff's deadline to file a Motion for Class Certification was on August 23, 2024, and **DENIES** Plaintiff's request to retroactively extend that deadline. Having found that Plaintiff failed to timely file a Motion for Class Certification as required for CAFA jurisdiction, the Court **DISMISSES** the action in its entirety.

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer | JRE/sf |